**Theo Clay BAILEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–91–00987–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 18, 1993.

Rehearing Denied March 25, 1993.

Discretionary Review Granted
June 30, 1993.

Hazel R. Bolden, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alan Curry, Melissa Schwarz, Asst. Dist. Attys., Houston, for appellee.

Before COHEN, PRICE [1] and MIRABAL, JJ.

OPINION

COHEN, Justice.

A jury found appellant guilty of delivering cocaine. Appellant pled true to two enhancement paragraphs, and the jury assessed punishment at 60–years confinement. We reverse and remand.

■  In his third point of error, appellant asserts the evidence is insufficient. We review the sufficiency under the standard set out in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

The evidence showed appellant made a face-to-face, hand-to-hand sale of cocaine to a Houston police officer. He was arrested minutes later, despite his attempt to flee.

1. The Honorable Frank C. Price, former justice, Court of Appeals, First District of Texas at  Houston, participating by assignment.

The officer identified appellant at trial. The evidence is sufficient.

The third point of error is overruled.

■ The first point of error asserts the judge erred by instructing the jury during the guilt stage of trial that "certain evidence was admitted before you in regard to the defendant's having been charged and convicted of an offense or offenses other than the one for which he is now on trial." That was not true. No such evidence was admitted. No such evidence could have been properly admitted during the guilt stage, unless appellant had testified and the State had offered it to impeach his testimony. Appellant did not testify; therefore, the State did not offer such evidence. Nevertheless, the judge read this statement to the jury orally, and the jurors took it with them into the jury room for guidance as they deliberated on the case.

The language that followed the erroneous instruction made the harm worse. It stated:

> Such evidence cannot be considered by you against the defendant as any evidence of guilt in this case. Said evidence was admitted before you for the purpose of aiding you, if it does aid you, in passing upon the weight you will give his testimony, and you will not consider the same for any other purpose.

This language drew the jury's attention to the fact that appellant did not testify. Although the charge contained a separate instruction on the defendant's right not to testify, the above-quoted instructions immediately followed it and told the jury to consider the fact of his (then unproved) prior convictions in evaluating his "testimony."

This charge is erroneous for several reasons. First, it not only comments on the weight of the evidence, it does so falsely. TEX.CODE CRIM.P.ANN. art. 36.14 (Vernon Supp.1993). Second, it draws the jury's attention to the fact that the defendant exercised his fifth amendment right to remain silent. TEX.CODE CRIM.PROC.ANN. art. 38.08 (Vernon 1981).

The State contends the error was harmless because there was no evidence or argument about any prior convictions. We disagree. That is precisely why the error was harmful. Moreover, under that standard, reversal would never occur. If prior convictions were proved, there would be no error. If not, there would be error, but no harm.

The State further contends the charge was harmless because the evidence was overwhelming. The evidence showed a face-to-face delivery by appellant to an undercover officer, followed quickly by an arrest. The defendant called no witnesses, except one of the police officers. The jury took only 13 minutes to reach a guilty verdict. We agree that the evidence was overwhelming. Nevertheless, we reverse.

Some standards should never be violated, no matter what the evidence shows. One is that a judge should never tell a jury a defendant has been convicted of other crimes when the evidence does not show that. Another is that a judge should not comment on the defendant's failure to testify by telling the jury to use the unproved prior convictions to evaluate the credibility of the defendant's nonexistent testimony. If a judge does that, both lawyers normally will object. Here, the judge did and the lawyers did not.

This instruction was more likely to interfere with the jury's deliberations than several other jury charge errors that have required reversal under *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g). *See, e.g., Jones v. State*, 815 S.W.2d 667, 670 (Tex.Crim.App.1991) (charge instructed the jury in the abstract on the law of parties, but failed to apply the law of parties to facts of the case); *Daniels v. State*, 754 S.W.2d 214, 222 (Tex. Crim.App.1988) (charge authorized conviction for actual delivery, but indictment alleged only constructive delivery of controlled substance); *Ruiz v. State*, 753 S.W.2d 681, 687 (Tex.Crim.App.1988) (failure to instruct jury that State had the burden in murder case to prove the absence of sudden passion). This jury charge is

simply below the minimum standard the law should require.

We sustain point of error one. We need not reach point of error two, alleging ineffective assistance of counsel.

The judgment is reversed, and the cause is remanded.

MIRABAL, Justice, dissenting.

I dissent. I would overrule point of error one because, in my opinion, appellant has not met his burden to show he was deprived of a fair and impartial trial.

Appellant did not object to the jury charge. Therefore, in order to be entitled to a reversal, appellant has the burden to show that the jury charge error is so egregious that he was deprived of a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g). The actual degree of harm is determined by looking at the jury charge itself; the state of the evidence, including contested issues and the weight of the probative evidence; the arguments of counsel; and any other information contained in the record. *Heberling v. State*, 834 S.W.2d 350, 353 (Tex.Crim.App.1992).

A summary of the evidence follows: On March 16, 1991, Houston Police Officers Davis and Crenshaw were conducting an undercover narcotics investigation. Crenshaw drove Davis to an apartment complex in the 300 block of Rosamond, and Davis got out of the car while Crenshaw remained inside. Davis approached a man, later identified as Latsen, and stated that he wanted to buy a "twenty." A "twenty" is a street term for a particular amount of crack cocaine. Latsen told Davis he did not have any cocaine, but Latsen took Davis to a breezeway in the complex to purchase the drugs from a third party. Latsen told the third party, later identified as appellant, that Davis wanted a "twenty." Appellant then asked Davis what he needed, and Davis stated he wanted a "twenty." Appellant produced a matchbox containing several pieces of a rock-like substance. Appellant handed Davis one rock in exchange for a previously marked $20 bill. Davis then returned to the car.

The officers broadcast a description of appellant and Latsen to the arrest team, and the arrest team drove to the scene to arrest the men. When the team arrived at the complex, appellant and Latsen ran away. Officer Moreno quickly located and arrested appellant, then Davis and Crenshaw identified him. The $20 bill was not recovered. A field test of the rock indicated that it contained cocaine. A later analysis confirmed that the rock was 212.4 milligrams of 65.1 percent pure cocaine.

The State called as witnesses five employees of the Houston Police Department. On rebuttal, appellant's only witness was Officer Davis, the police officer who had testified that appellant sold him the cocaine. Appellant's counsel was not able to get Officer Davis to waver in his testimony that he had a clear, unobstructed view of appellant, and he was certain it was appellant who sold him the drugs. Appellant himself did not testify. Appellant did not present any alibi testimony. In his short closing argument to the jury, appellant's counsel argued that, because Officer Davis' testimony about some of the details surrounding the arrest differed from the testimony of another officer, and because of the passage of time, Officer Davis did not have a clear remembrance of what transpired and could be mistaken as to his identification of appellant.

The application paragraph of the jury charge read as follows:

Now, if you find from the evidence beyond a reasonable doubt that in Harris County, Texas, on or about the 16th day of March, 1991, the defendant, Theo Clay Bailey, did then and there unlawfully, intentionally or knowingly deliver by actual transfer to D.G. Davis, a controlled substance, namely, cocaine, weighing by aggregate weight, including any adulterants or dilutants, less than 28 grams, then you will find the defendant guilty as charged in the indictment.

The problem in this case is that the six page, 18-paragraph jury charge also erroneously contained the following paragraph:

You are instructed that certain evidence was admitted before you in regard to the defendant's having been charged and convicted of an offense or offenses other than the one for which he is now on trial. Such evidence cannot be considered by you against the defendant as any evidence of guilt in this case. Said evidence was admitted before you for the purpose of aiding you, if it does aid you, in passing upon the weight you will give his testimony, and you will not consider the same for any other purpose.

The trial court clearly erred in including this language because it was a misstatement of the evidence. The controlling issue in this case is whether this error in the charge was so egregious that appellant was deprived of a fair and impartial trial. We must look at all the information contained in the record before us.

According to the docket sheet, all of the evidence at the guilt-innocence phase was presented to the jury in less than 1½ hours. The defense rested at 2:10 p.m. The judge read the charge, the State and defense presented closing arguments, and, at 2:25 p.m., the jury retired for deliberation. At 2:38 p.m., 13 minutes later, the jury returned with a verdict of guilty.

Unlike the majority, I have great difficulty believing the jury was misled by the erroneous charge it received. The jury had just heard the evidence in a very short trial. There was no evidence of any criminal activity by the defendant other than the crime appellant was charged with in this case. I cannot reasonably conclude that the jury's recollection of the evidence it just heard and saw was in any way altered by the charge. Further, knowing that during the total of 13 minutes the jury took to reach a verdict, they had to choose a foreman and vote on the verdict, I consider it unlikely that the jury also studied the charge in much detail.

I agree with the majority that, "Some standards should never be violated, no matter what the evidence shows." Clearly, the trial court should not tell a jury a defendant has been convicted of other crimes when the evidence does not show that.[1] And clearly, the judge should not tell the jury to use such unproved prior convictions to evaluate the credibility of the defendant's testimony when the defendant did not testify. There is no room for disagreement about these matters. *However*, even though the majority and I are equally appalled that this happened, we are constrained, as an appellate court, to reverse *only if* the error deprived the defendant of a fair and impartial trial.

In light of the overwhelming evidence of appellant's guilt; the absence of alibi or other types of witnesses for the defense; the lack of any other mention, during opening and closing arguments or otherwise, about appellant's prior criminal record; the brevity of the trial; the shortness of the jury deliberations; and the jury charge read as a whole, I would hold that the charge error was not so egregious that it deprived appellant of a fair and impartial trial.

I would overrule appellant's first point of error.

I agree with the majority that the evidence was sufficient to support appellant's conviction, and therefore point of error three is properly overruled.

The majority has not reached the merits of appellant's point of error two; therefore, I also decline to comment on it.

---

**1.** I note that the erroneous portion of the charge gave no indication whether there was one prior offense or more, whether the prior offense was a misdemeanor or a more serious crime, or whether the offense was the same type of offense involved in the present case.