**Theo Clay BAILEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 454–93.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 8, 1993.

Hazel R. Bolden, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Alan Curry and Melissa Schwarz Douma, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

MALONEY, Judge.

Appellant was convicted of delivery of a controlled substance and, upon a finding of true as to two enhancement allegations, the jury assessed punishment at sixty years confinement in the Institutional Division of the Texas Department of Criminal Justice. The Court of Appeals reversed. *Bailey v. State,* 848 S.W.2d 321 (Tex.App.—Houston [1st Dist.] 1993). We granted the State's petition for discretionary review to consider whether the Court of Appeals erred in "holding that the appellant was egregiously harmed by a portion of the trial court's charge to the jury." *See* TEX.R.APP.P. 200(c)(5).

On appeal appellant complained that the trial court erred in submitting at guilt a jury instruction pertaining to evidence of extraneous offenses.[1] The Court of Appeals agreed that the instruction given was erroneous, constituted an improper comment on the weight of the evidence and drew attention to the fact that appellant exercised his right to remain silent. *Id.* at 322. The Court of Appeals concluded the error was harmful. The dissent pointed out that because appellant did not object to the charge at trial, he had the burden under *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984) (opinion on reh'g), of showing that the charge was so egregious that he was deprived of a fair and impartial trial. *Id.* at 323 (Mirabal, J., dis-

---

1. Appellee complained of the following instruction:

    You are instructed that certain evidence was admitted before you in regard to the defendant's having been charged and convicted of an offense or offenses other than the one for which he is now on trial. Such evidence cannot be considered by you against the defendant as any evidence of guilt in this case. Said evidence was admitted before you for the purpose of aiding you, if it does aid you, in passing upon the weight you will give his testimony, and you will not consider the same for any other purpose.

    This instruction was erroneous because no evidence was admitted during guilt of any extraneous offense.

senting). The dissent set forth and applied the factors identified by this Court in *Almanza* as appropriate for determining egregious harm, and concluded that appellant failed to meet his burden. *Id.* at 323–24.

In *Almanza*, we held that in the absence of a proper trial objection to error in the charge,

> the accused must claim that the error was "fundamental" [and] will obtain a reversal only if the error is so egregious and created such harm that he "has not had a fair and impartial trial"—in short "egregious harm."

*Almanza*, 686 S.W.2d at 171. We further said that such error must be reviewed "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.*

 Although the Court of Appeals cited *Almanza*, it did not recognize that the standard to be applied in this case was one of determining "egregious error". Nowhere in its opinion, did the Court of Appeals discuss or apply the factors we have held are to be considered in assessing charge error. Rather, the Court concluded that "[t]his jury charge is simply below the minimum standard the law should require." *Bailey*, 848 S.W.2d at 322–23. This holding is not in line with *Almanza*. We did not there recognize that certain charges automatically fall below a "minimum standard." Rather, every charge error must be assessed in light of "the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the arguments of counsel and any other relevant information revealed by the record of the trial as a whole." The Court of Appeals erred in failing to consider and apply these factors as required by *Almanza*.

Accordingly, the judgement of the Court of Appeals is vacated and this cause is remanded to the Court of Appeals to conduct a proper harm analysis pursuant to our opinion in *Almanza*. *See Johnson v. State*, 853 S.W.2d 574 (Tex.Crim.App.1993) (where a piece of allegedly improperly admitted evidence was not mentioned in court of appeals' harm analysis, such analysis incomplete and case remanded).