Opinion issued January 22, 2009











     


In The
Court of Appeals
For The
First District of Texas




NOS. 01-07-00801-CR
           01-07-00802-CR
          01-07-00803-CR




TRACY PAUL TAYLOR, Appellant

v.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court 
Harris County, Texas
Trial Court Cause Nos. 1094960, 1129515, and 1129516




O P I N I O N
          Following a joint trial on three separate indictments, a jury found appellant,
Tracy Paul Taylor, guilty of three offenses of aggravated sexual assault of a child.


 
For each offense, the jury sentenced appellant to 70 years in prison and assessed a
$10,000 fine. In response to a motion by the State, the trial court cumulated two of
the three sentences. 
          Appealing each judgment of conviction, appellant raises three identical points
of error in each appeal. Appellant contends as follows: (1) the trial court abused its
discretion by denying his motion for new trial; (2) the jury charge was erroneous
because it did not instruct the jury that it could not consider appellant’s conduct
before his seventeenth birthday as a basis for conviction; and (3) appellant did not
receive effective assistance of counsel at trial because his counsel failed to object to
the jury charge on the ground that it failed to instruct the jury that it could not base
a guilty finding on an act committed by appellant before his seventeenth birthday. 
          We reverse and remand. 
                                                        Background
          J.G., the complainant, is five years younger than appellant. J.G.’s birthday is
June 12, 1990, and appellant’s birthday is March 25, 1985.


 When J.G. was eight
years old, she began staying at the home of appellant’s mother before and after school
and in the summer, while her father worked. 
          At the age of 16, J.G. made an outcry to appellant’s sister-in-law that appellant
had sexually abused her during the time period that she stayed at the home of
appellant’s mother. J.G. reported that appellant had begun sexually abusing her by
the time she was in the fifth grade and had stopped abusing her when she was 15
years old. 
          Appellant was ultimately charged with three offenses of aggravated sexual
assault, based on abuse that occurred in September 2002. Specifically, appellant was
charged with intentionally and knowingly causing the penetration of (1) J.G.’s sexual
organ with his sexual organ on or about September 1, 2002, (2) J.G.’s mouth with his
sexual organ on or about September 15, 2002, and (3) J.G.’s anus with his sexual
organ on or about September 30, 2002. In September 2002, appellant was 17 years
old, and J.G. was 12 years old. 
          At trial, J.G. testified about the abuse generally, stating that, over the years,
appellant penetrated her vaginally, orally, and anally with his penis on a frequent
basis. Because of the frequency and duration of the abuse, J.G. did not remember
many details about each instance of abuse. 
          J.G. did describe a few specific instances of abuse for the jury. J.G. testified
that appellant had penetrated her vaginally with a number of objects, including a
hammer, a broomstick, and a paintbrush. J.G. also described how appellant placed
his penis in her mouth and then penetrated her vaginally on his grandmother’s bed.
When read in the context of the record, appellant committed these instances of abuse
before he was 17 years old. 
          J.G. also told the jury about one instance when appellant performed oral sex
on her in the bathroom. J.G. recalled that she was in the fifth grade. Appellant would
have been 15 or 16 years old at the time. J.G. told the jury about another specific
instance of abuse that was close in time to the bathroom incident. J.G. described that
appellant had penetrated her vaginally with his penis in his bedroom. 
          J.G. told the jury that she remembered one instance when appellant abused her
by placing his penis in her anus. She recalled that it occurred in appellant’s backyard,
but could not remember when it had happened. 
          No instruction was given to the jury that it should not consider, as a basis for
conviction, acts committed by appellant before his seventeenth birthday. Appellant
made no objection to the jury charges on this ground. 
          With respect to the date of the offense, each jury charge, provided, 
You are further instructed that the State is not bound by the specific date
which the offense, if any, is alleged in the indictment to have been
committed, but that a conviction may be had upon proof beyond a
reasonable doubt that the offense, if any, was committed at any time
within the period of limitations. The limitation period applicable to the
offense of aggravated sexual assault of a child is ten years from the date
of the 18th birthday of the victim of the offense.

          The jury found appellant guilty of the each offense as alleged in the three
indictments. These appeals followed. 
                                                      Charge Error
          Appellant frames his second point of error as follows: “The jury charge was
erroneous as it did not instruct the jury it could not consider conduct occurring before
appellant’s seventeenth birthday as evidence of guilt.”
          Penal Code section 8.07(b) provides that unless the juvenile court waives
jurisdiction and certifies the individual for criminal prosecution, “a person may not
be prosecuted for or convicted of any offense committed before reaching 17 years of
age,” except for certain offenses not applicable here. Tex. Penal Code Ann.
§ 8.07(b) (Vernon Supp. 2008). Appellant turned 17 on March 25, 2002. J.G.
testified that appellant penetrated her vaginally, orally, and anally both before and
after appellant’s seventeenth birthday. With respect to the juvenile conduct, the
juvenile court did not waive jurisdiction or certify appellant for criminal prosecution. 
          The three indictments alleged that appellant penetrated J.G. vaginally, orally,
and anally “on or about” September 1, 15, and 30, 2002, respectively. As described
above, the jury charge in each case did not contain a section 8.07(b) instruction
informing the jury that it could not base a guilty finding on appellant’s conduct before
his seventeenth birthday. The jury was not limited, for purposes of determining guilt,
to considering appellant’s conduct after he reached 17 years of age. Rather, the jury
was instructed that it was not bound to the “on or about” dates and could consider any
conduct that occurred within the limitations period as a basis for conviction.
          Appellant contends that the trial court erred by failing to give, sua sponte, a
section 8.07(b) instruction. Code of Criminal Procedure article 36.14 requires the
trial court to deliver to the jury “a written charge distinctly setting forth the law
applicable to the case.” Delgado v. State, 235 S.W.3d 244, 247 (Tex. Crim. App.
2007) (quoting Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon 2007)). Error due
to erroneous omissions in the jury charge can result either from omissions of issues
on which a trial court has a duty to instruct without a request from either party or
from issues that have been timely brought to the trial court’s attention. Huizar v.
State, 12 S.W.3d 479, 483 (Tex. Crim. App. 2000). 
          A distinguishing feature of “the law applicable to the case” for which a trial
court has a sua sponte duty to instruct the jury is that it is neither discretionary nor
dependent on either side’s theory of the case. See Oursbourn v. State, 259 S.W.3d
159, 180 (Tex. Crim. App. 2008). When a statute requires a jury instruction under
the particular circumstances of the case, then the trial court must sua sponte give the
instruction. See id. For example, if the evidence raises an accomplice witness issue,
then the trial court shall instruct the jury that an accomplice’s testimony must be
corroborated by other evidence tending to connect the defendant to the crime,
regardless of whether the defendant requested the instruction or objected to its
omission. See id. at 180 n.84. 
          In contrast, defensive issues are typically dependent on trial strategy and
tactics, and are not legislatively proscribed by statute when particular circumstances
are presented. See Delgado, 235 S.W.3d at 249. Instead, defensive issues are
typically framed in terms of permissive or discretionary language. See, e.g., Tex.
Penal Code Ann. § 8.01 (Vernon 2003) (permitting insanity defense); id. § 8.02
(allowing mistake of fact as defense).
          A defensive issue is not law applicable to the case for purposes of article 36.14
unless the defendant timely requests the issue or objects to its omission in the jury
charge. Oursbourn, 259 S.W.3d at 180 (citing Posey v. State, 966 S.W.2d 57, 62
(Tex. Crim. App. 1998)). Accordingly, a trial court does not err by failing to include
a defensive issue in the charge when the defendant has not requested it or objected
to its omission. See Posey, 966 S.W.2d at 62. 
          The State contends that the trial court did not err by failing to give a section
8.07(b) instruction because appellant’s juvenile status was a defensive issue, and
appellant neither requested the instruction nor objected to its omission. We disagree. 
          The language of section 8.07(b) is not permissive; it is mandatory. It provides
that, with a few exceptions, a person may not be prosecuted for or convicted of a
criminal offense committed before he is 17 years old, unless the juvenile court has
waived jurisdiction and certified the person for prosecution. Tex. Penal Code Ann.
§ 8.07(b) (Vernon Supp. 2008). It is a legislatively prescribed jurisdictional
requirement applicable to all cases in which the culpable conduct was committed
before the alleged perpetrator reached the age of 17. See Huizar, 12 S.W.3d at 484
(concluding that trial court must instruct jury at punishment phase in all non-capital
cases that State must prove any extraneous offenses beyond reasonable doubt, even
in absence of request or objection). Section 8.07(b)’s application is neither dependent
on a defendant’s theory of the case, nor is it discretionary. See id. at 484 n.7. 
Moreover, it is difficult to imagine—at least under the facts presented here—that a
reasonably competent attorney would decide not to request a section 8.07(b)
instruction for strategic or tactical reasons. See Oursbourn, 259 S.W.3d at 180 n.84.
          In sum, section 8.07(b) was “the law applicable” to this case. We conclude that
the trial court erred by failing to instruct the jury that it could not consider appellant’s
acts before his seventeenth birthday as a basis for a guilty finding. See Alberty v.
State, Nos. 05-05-01687-CR & 05-05-01688-CR, 2008 WL 2747183 at *3 (Tex.
App.—Dallas July 16, 2008, no pet. h.) (concluding that “[e]rror clearly existed” in
charge that failed to include section 8.07(b) instruction, even though defendant had
not objected to charge).
          Because appellant did not request (or object to the lack of) a section 8.07(b)
instruction, we review the charge error under Almanza’s “egregious harm” standard
to determine whether appellant received “a fair and impartial trial.” See Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). Jury-charge error is egregiously
harmful if it affects the very basis of the case, deprives the defendant of a valuable
right, or vitally affects a defensive theory. Stuhler v. State, 218 S.W.3d 706, 719
(Tex. Crim. App. 2007) (citing Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim. App.
1996)). In examining the record to determine whether charge error is egregious, we
consider the entirety of the jury charge itself, the evidence, including the contested
issues and weight of the probative evidence, the arguments of counsel, and any other
relevant information revealed by the trial record as a whole. See id. (citing Bailey v.
State, 867 S.W.2d 42, 43 (Tex. Crim. App. 1993)). 
          As noted, each charge did not prohibit the jury from convicting appellant based
on acts committed against J.G. before appellant turned 17. No other instruction
“corrected or ameliorated” this aspect of the charge. See Ngo v. State, 175 S.W.3d
738, 752 (Tex. Crim. App. 2005). For example, the charges did not contain, nor did
the defense request, an instruction limiting the jury’s consideration of the extraneous
juvenile offenses to appellant’s or J.G.’s state of mind or to the prior or subsequent
relationship between appellant and J.G. See Tex. Code Crim. Proc. Ann. art. 38.37
(Vernon Supp. 2008).
          We now turn to the probative evidence pertinent to our charge error analysis. 
Appellant was primarily convicted in these cases based on J.G.’s testimony. Whether
appellant sexually abused J.G. at any time was contested at trial. 
          Although her testimony was general in many respects, J.G. made clear to the
jury that appellant’s sexual abuse involved penile penetration of her vagina, mouth,
and anus, had been frequent, and had lasted over a period of at least five years. It is
undisputed that, for approximately half of this time period, appellant was under 17
year of age. 
          The State points out that J.G. testified that the abuse was the “worst” in terms
of frequency when she was in the sixth through the eighth grades. The State further
points out that appellant was 17 years old when J.G. was in the seventh grade. 
Nonetheless, it appears from the record as a whole that most of the specific and
graphic instances of abuse described by J.G. at trial occurred before appellant’s
seventeenth birthday. Two of the specific instances of abuse described, which from
the record occurred before appellant’s seventeenth birthday, involved penile
penetration of J.G.’s vagina and mouth—two of the manner and means alleged in the
indictments. 
          Citing Gandy v. State, 222 S.W.3d 525, 531 (Tex. App.—Houston [14th Dist.]
2007, pet. ref’d), the State also argues that “there was no reason for the jury to only
believe J.G.’s testimony that occurred when appellant was a minor” while
disbelieving her testimony that “the worst” occurred when appellant was at least 17
years old. Gandy, in turn, relies on Dixon v. State, 201 S.W.3d 731 (Tex. Crim. App.
2006), a Court of Criminal Appeals decision that is readily distinguishable.
          In Dixon, the child complainant testified about a sequence of events that
occurred every time appellant sexually assaulted her. Id. at 732. The child articulated
one sequence of events, answered that this same sequence occurred one hundred
times, could not remember when she was last assaulted and gave no further details
regarding the activity. Id. The court of appeals applied a harm analysis to the trial
court’s denial of defense’s request that the State be required to elect which instance
of assault it would rely on for conviction, and found the error harmless. Id. at 735. 
The court emphasized that the child articulated only one identical sequence of events
which occurred one hundred times, according to the child. Id. The court commented
that the child was either credible or not, and that the number of times the sequence
occurred, whether it occurred one, ten, fifty or one hundred times, did not affect the
child’s believability. Id.
          In contrast, here, J.G. gave detailed descriptions of various instances when she
was molested. J.G. also testified to the approximate time period during which some
of these instances occurred. Such detailed testimony would naturally enhance a
complainant’s credibility and, contrary to the State’s contention, provide a basis for
the jury to believe J.G.’s testimony regarding the abuse that occurred before
appellant’s seventeenth birthday while disbelieving J.G.’s testimony regarding the
abuse that occurred after appellant’s seventeenth birthday. Unlike the jury in Dixon,
which, to convict the defendant, was required to rely on one repetitive account of
molestation, here, the jury could well have voted to convict appellant based on J.G.’s
detailed description of instances of abuse that occurred before appellant’s seventeenth
birthday, while ignoring J.G.’s more general testimony about the abuse that occurred
after appellant’s seventeenth birthday.
          With respect to jury argument, both sides focused primarily on witness
credibility. We note that the State reminded the jury of J.G’s testimony in which she
stated that the “worst” abuse occurred when she was in the sixth, seventh, and eighth
grades, “and some of the ninth grade.” The State asked rhetorically, “[H]ow old was
the defendant when she was in the seventh, eighth, and ninth grade? He was 17, 18,
19 . . . .” But the State also stressed the disturbing and graphic instances of abuse
described by J.G. in which appellant had vaginally penetrated her with various
objects. From the record, it appears that these instances predated appellant’s
seventeenth birthday. The State also highlighted the entire period of abuse. The State
averred that J.G. “dealt with” the abuse for eight years and implied that appellant
began abusing J.G. when she was seven or eight years old.


 
          To summarize, by failing to limit the charge to consideration of appellant’s
conduct after he turned 17, the charge authorized the jury to convict appellant based
on acts he committed before his seventeenth birthday, in contravention of Penal Code
section 8.07(b). The issue of whether appellant ever sexually abused J.G. was
disputed at trial. It is uncontested that appellant was under the age of 17 for
approximately half of the time period during which he abused J.G. The most explicit
and graphic instances of abuse detailed at trial occurred before appellant turned 17
years of age. The State’s closing argument, in part, drew the jury’s attention to this
period and to the entire period of abuse. 
          After considering the entire charge in each case, the evidence, and the
argument of counsel, we conclude that appellant was deprived of the valuable right
to be prosecuted for and convicted of only those offenses for which he is criminally
responsible under Texas law. See Tex. Penal Code Ann. § 8.07(b). We hold that
the record demonstrates that the error in the jury charges was sufficiently egregious
to deprive appellant of a fair and impartial trial.
          We sustain appellant’s second point of error.



                                                         Conclusion
          We reverse the judgments of the trial court and remand the three cases to the
trial court for further proceedings.



 

                                                             Laura Carter Higley
                                                             Justice

Panel consists of Chief Justice Radack and Justices Higley and Nuchia.




Publish. See Tex. R. App. P. 47.2(b).