NO. 07-08-0257-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 24, 2010
_____

SERENA BLACKENEY WAINWRIGHT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 18437-C; HONORABLE ANA ESTEVEZ, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Serena Blakeney Wainright appeals from her jury-trial conviction for possession of cocaine in an amount less than one gram and the resulting punishment of twenty months in a state jail facility. Through one issue presenting an assertion of jury charge error, appellant contends she is entitled to a new trial. We disagree and affirm.

Background

Appellant was charged by indictment with possession of cocaine in an amount of less than one gram."[1] After her not-guilty plea,[2] the State presented its case through

---

[1] *See* Tex. Health & Safety Code Ann. § 481.115(b) (Vernon 2003). This is a state jail felony punishable by confinement in a state jail facility for any term of not more

the testimony of police officers. That testimony showed that during the early morning hours, a patrol officer driving behind appellant's car observed it approach an intersection controlled by a stop sign, with a white painted stop line. Appellant engaged her brakes and stopped. The testimony raised a fact issue of the reasonableness of the officer's conclusion she failed to stop her vehicle at the point required by statute.

The officer testified appellant's car came to a stop when the "rear tires are on top of the stop bar" and the front of the car was "obviously past the stop bar."[3] The video from the officer's in-car camera was admitted and played for the jury. The video clearly shows the front of appellant's Lincoln sedan was several feet past the stop line when it came to a stop. It is less clear from the video that the rear tires were on top of the stop line when the car stopped, but the officer's stated perception that such was the case is not unreasonable.

Appellant testified, explaining that the white stop line is "on an angle" and she stopped when her car was "situated directly over the line." She introduced several photographs of the intersection to illustrate her testimony.[4] Appellant maintained she stopped where she was "supposed to."

---

than two years or less than 180 days and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.35 (Vernon 2007).

[2] This was the retrial of this cause. In the first trial, the jury was unable to reach a verdict.

[3] The record is clear the officer was referring to the painted stop line.

[4] The photographs show that the intersecting streets are not at right angles, but that fact is not significant to our analysis on this record.

2

The officer conducted a traffic stop of appellant. During a check of appellant's driver's license and vehicle registration, the officer discovered her license was suspended. He placed her under arrest for the offense. Officers searched appellant's car and discovered, among other items, a baggy containing a white powdery substance that tested positive for cocaine. During her testimony, appellant denied the cocaine and paraphernalia found in her car belonged to her.

At the close of the guilt/innocence phase, the jury was given a charge that included an instruction pursuant to article 38.23(a) of the Code of Criminal Procedure.[5] The application sentence of the instruction told the jury: "Now, bearing in mind [sic] if you find from the evidence, that on the occasion in question [appellant] did properly stop her vehicle behind the white line in front of the stop sign of the intersection in question or if you have a reasonable doubt thereof, you will disregard" the officer's testimony and not consider evidence resulting from the traffic stop. It is the instruction's use of the phrase "behind the white line" that forms the basis for appellant's complaint. The transportation code uses the phrase "at a . . . line."[6]

---

[5] *See* Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon 2005).

[6] The instruction addressed the requirements of the traffic laws only in its application sentence. The pertinent transportation code provision states: An operator required to stop by this section shall stop before entering the crosswalk on the near side of the intersection. In the absence of a crosswalk, the operator shall stop at a clearly marked stop line. In the absence of a stop line, the operator shall stop at the place nearest the intersecting roadway where the operator has a view of approaching traffic on the intersecting roadway. Tex. Transp. Code Ann. § 544.010(c) (Vernon 1999). The intersection here had no crosswalk.

After hearing the evidence presented, the jury found appellant guilty as charged in the indictment. The trial court later sentenced appellant to twenty months in a state jail facility and assessed a $500.00 fine. Appellant timely appealed.

Analysis

Appellant in this court argues she is entitled to a new trial because she was egregiously harmed by the article 38.23(a) jury instruction. Appellant contends that because failure to stop "behind" a stop line is not a violation of traffic laws, the instruction improperly permitted the jury to consider evidence discovered from the officer's unlawful traffic stop. No objection to the instruction was raised at trial.

Appellant asserts further that the patrol car video shows appellant stopped her car on the stop line and based on the angle of that line, the jury could easily have concluded she could have stopped on the line but behind the stop sign.

*Applicable Law*

An officer may conduct a lawful temporary detention when the officer has reasonable suspicion to believe the person detained is violating the law. *Ford v. State,* 158 S.W.3d 488, 492 (Tex.Crim.App. 2005). That determination is an objective one, based on the totality of the circumstances. A reasonable suspicion exists if a reasonable person in the position of the officer making the stop, with the training and experience of the officer, and with the knowledge possessed by the officer, could suspect that the vehicle or person stopped has been or is connected to criminal activity. *United States v. Cortez,* 449 U.S. 411, 421-22, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); *see Ford,* 158 S.W.3d at 492 ("[r]easonable suspicion exists if the officer has specific,

4

articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity"); *Garcia v. State*, 43 S.W.3d 527, 530 (Tex.Crim.App. 2001) (reasonable suspicion does not require absolute certainty that an offense has been committed).

Thus we must bear in mind the issue before us deals not with appellant's guilt or innocence of a violation of the transportation code, but with the reasonableness of the officer's suspicion she had violated it. *See, e.g., Madden v. State*, 242 S.W.3d 504, 508 n.7 (Tex.Crim.App. 2007) (noting factual issue in that case was not whether defendant was speeding but whether officer had reasonable belief defendant was speeding).

Appellant asserts the trial court erred in its jury charge. Because the trial court was not made aware of the claimed error, we will reverse the judgment only if we find both that the court erred in its charge and appellant suffered egregious harm from the error. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1985) (op. on reh'g). Egregious harm is a difficult standard to prove and must be determined on a case by case basis. *Ellison v. State,* 86 S.W.3d 226, 227 (Tex.Crim.App. 2002). Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State,* 218 S.W.3d 706, 719 (Tex.Crim.App. 2007), *citing Hutch v. State,* 922 S.W.2d 166, 171 (Tex.Crim.App. 1996) (plurality opinion). In examining the record to determine whether jury-charge error is egregious, the reviewing court should consider the entirety of the jury charge itself, the evidence, including the contested issues and weight of the probative evidence, the arguments of counsel, and any other relevant information

5

revealed by the record of the trial as a whole. *Stuhler,* 218 S.W.3d at 719; *Bailey v. State,* 867 S.W.2d 42, 43 (Tex.Crim.App. 1993). The harm suffered must be actual rather than theoretical. *See, e.g., Curry v. State,* 222 S.W.3d 745, 753 (Tex.App.–Waco 2007, pet. ref'd) (concluding defendant's speculation that one juror "might have found sudden passion" was "theoretical harm that we will not credit").

*Application of the Law to the Facts*

We need not address the question whether the trial court's use of the phrase "behind the line" in its article 38.23(a) instruction in this case was erroneous, and we express no opinion on it.[7] Even if it was erroneous, appellant did not suffer egregious harm because of it.

Appellant's contention is that the jury was misled to believe that the officer's traffic stop was lawful unless they found she stopped her car behind the white line. She argues the instruction should have said, "at the white line." But considering the evidence the jury saw, and its weight, and considering the issue presented by the article 38.23(a) instruction, *Stuhler,* 218 S.W.3d at 719, we see virtually no chance the jury was led to a wrong conclusion, or that appellant was egregiously harmed otherwise, by the substitution of the phrase "behind the white line." Again, the article 38.23(a) issue here is, did the officer have articulable facts leading to a reasonable suspicion appellant violated the transportation code? The officer testified he saw appellant's car come to a

---

[7] Nor do we express any opinion on the correctness generally of the court's article 38.23(a) instruction. We again note, however, the Court of Criminal Appeals' recent emphasis in *Madden* that article 38.23(a) instructions in cases such as this properly must focus on the reasonableness of the officer's suspicions based on the articulable facts. 242 S.W.3d at 516 n.31.

stop with the front of the car "obviously past" the line, with its rear tires "on top of" the line. The video does not dispute the officer's testimony but generally confirms it. In the face of that evidence, we see little difference in a statement the law required appellant to stop "at the line" with one it required her to stop "behind the line." According to the evidence, the officer reasonably could have concluded she did neither.

Consideration of the other factors of an egregious harm analysis do not lead to a different conclusion. Appellant argues the "behind the line" versus "at the line" distinction is like the charge error in *Hutch,* 922 S.W.2d at 169-70, which was found to be egregious. We disagree. The instruction in *Hutch*, which added the word "not," had the effect of telling the jury the opposite of the law.[8] *Hutch,* 922 S.W.2d at 172. That is not the case here. While the phrases "behind the line" and "at the line" may not be synonymous, neither are they opposites.

Appellant also argues that the issue of the legality of the stop was "obviously contested." *See Hutch,* 922 S.W.2d at 173. We believe the record shows the focus of the evidence and argument was on appellant's intent to possess cocaine and drug paraphernalia, not the validity of the stop. Appellant also contends the importance of the closing arguments was similar to that of *Hutch.* However, the State correctly argued the law, stating appellant pulled too far forward over the line. The prosecutor did not argue appellant committed a violation by failing to stop behind the stop line.

---

[8] The instruction in *Hutch* instructed the jury the stop was authorized if appellant was wearing a seatbelt. However, the opposite is true; such a stop would have been illegal. *Hutch*, 922 S.W.2d at 172.

Lastly, appellant argues the case against her was circumstantial and the indications of guilt here are "nowhere near overwhelming." She asserts the cocaine was not in plain view, was not apparent to anyone without taking apart the lighter in which it was housed, and no fingerprints were found. She acknowledges the evidence of possession of paraphernalia was strong but asserts appellant's explanation for its presence was plausible even though the jury didn't believe it. Appellant also points to the patrol officer's testimony appellant did not appear to be under the influence of drugs at the time of the stop and notes the first jury that heard this case could not reach a guilty verdict.

We find the record in this case rather clearly supports the validity of the officer's traffic stop of appellant. After considering the entire jury charge, the evidence, the arguments of counsel, and the record as a whole, in the context of the reasonable suspicion determination, we further find that the error, if any, in the court's use of the words "behind the white line" instead of "at the white line" in its article 38.23(a) instruction did not deny appellant a fair and impartial trial or deprive her of a valuable right. *Hutch,* 922 S.W.2d at 171-72.[9] For the reasons given, we find appellant did not suffer actual egregious harm. We overrule appellant's sole issue on appeal and affirm the trial court's judgment.

James T. Campbell
Justice

Do not publish.

_____

[9] Appellant also cites *Allen v. State*, 253 S.W.3d 260, 268 (Tex.Crim.App. 2008), and appears to argue that the denial of the "valuable and unambiguous right of a legally correct article 38.23 instruction," alone provides a sufficient demonstration of egregious harm to require reversal. We find no support in *Allen* for such a contention.