TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00267-CR






Kyle James Moesch, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT

NO. 64756, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N



 This is one of three appeals arising from a capital murder trial against three co-defendants. The jury convicted the appellant in this cause, Kyle James Moesch, of the offense of
capital murder for remuneration. See Tex. Penal Code Ann. § 19.03(a)(3) (West Supp. 2011). The
State did not seek the death penalty, and punishment was automatically assessed at life imprisonment
without the possibility of parole. In two issues on appeal, Moesch asserts that the district court
abused its discretion in denying his motion to sever his trial from the trial of his co-defendants,
Kathryn Nellie Briggs and John Anthony Valdez, Jr., (1) and that the district court reversibly erred in
failing to sua sponte instruct the jury that the evidence pertaining to each defendant should be
considered separately and independently. We will affirm the judgment of conviction.


BACKGROUND

 The jury heard evidence that on October 14, 2008, the body of Fort Hood
Staff Sergeant Ryan Sullivan was discovered in the apartment where he had lived. Dr. Reid Quinton,
a medical examiner who had performed an autopsy on the body, testified that Sullivan had
received approximately 34 stab wounds to his abdomen, head, and other areas of his body, including
defensive stab wounds to his arms and hands and likely fatal stab wounds that punctured his neck,
heart, and lungs. Quinton also testified that the level of decomposition in the body was consistent
with Sullivan having been killed in the early morning hours of October 11. The State's theory at trial
was that Valdez had killed Sullivan, that Moesch had assisted Valdez in the crime, and that Briggs,
who had been in a past romantic relationship with Sullivan, had orchestrated the killing in order to
recover proceeds from Sullivan's life insurance policy, of which she was a named beneficiary. 

 The complex factual background of this case is fully discussed in this Court's
opinion affirming the conviction of Moesch's co-defendant Briggs and will not be repeated here. 
See Briggs v. State, No. 03-11-00275-CR (Tex. App.--Austin Aug. 24, 2012, no pet. h.) (mem. op.,
not designated for publication). We discuss further background details only as necessary to address
the issues raised by Moesch in this appeal.


ANALYSIS

Motion to sever

 In his first issue, Moesch asserts that the district court abused its discretion in
denying his motion to sever his trial from the trials of his co-defendants. Severance is governed by
article 36.09 of the code of criminal procedure, which provides that two or more defendants may,
at the discretion of the court, be tried jointly for any offense growing out of the same transaction
unless, upon timely motion to sever, it is shown either that there is a previous admissible conviction
against one defendant or that a joint trial would be prejudicial to any defendant. Tex. Code Crim.
Proc. Ann. art. 36.09 (West 2007). Moesch argues only the second ground, contending that he was
prejudiced by a joint trial with Briggs and Valdez.

 In drafting article 36.09, "the Legislature intended for defendants accused of the same
offense to be tried together most of the time." Qualley v. State, 206 S.W.3d 624, 631 (Tex. Crim.
App. 2006). "'Prejudice,' then, cannot mean the types of circumstances or disagreements between
parties that would normally be expected to [arise] during any trial containing multiple defendants.'"
Id. Rather, "[t]o establish prejudice, the defendant must show a serious risk that a specific trial right
would be compromised by a joint trial, or that a joint trial would prevent the jury from making a
reliable judgment about guilt or innocence, and that the problem could not be adequately addressed
by lesser curative measures, such as a limiting instruction." Id. at 636. It is not enough for the
defenses of co-defendants to be mutually exclusive or antagonistic. See id.

 Moesch claims that he was entitled to a severance because of the "prejudicial hearsay
statements" made by Valdez that, in Moesch's view, were admissible against Valdez but not against
him. Moesch also complains of the "inherent prejudice of being forced to trial with co-defendants
of overwhelming culpability."

 The district court would not have abused its discretion in concluding that
Moesch's concerns are "the types of circumstances or disagreements between parties that would
normally be expected to [arise] during any trial containing multiple defendants" and thus do not
demonstrate prejudice. See id. at 631. Regarding Moesch's assertion that he was "less culpable"
of the offense than Briggs and Valdez, even assuming that this is true, it is well settled that
mere proof of differing degrees of culpability will not support a severance. See, e.g., King v. State,
17 S.W.3d 7, 17-18 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd); Davila v. State, 4 S.W.3d
844, 847 (Tex. App.--Eastland 1999, pet. ref'd); Silva v. State, 933 S.W.2d 715, 719
(Tex. App.--San Antonio 1996, no pet.); Gibbons v. State, 794 S.W.2d 887, 891 (Tex. App.--Tyler
1990, no pet.). The district court thus would not have abused its discretion in finding that Moesch
was not entitled to a severance on that ground. Regarding Moesch's claim that he was prejudiced
by the admission of Valdez's hearsay statements to Jacobs, the record supports a finding by the
district court that Moesch and Valdez conspired together to commit the murder. Accordingly, the
district court would not have abused its discretion in finding that Valdez's statements to Jacobs were
admissible not only against Valdez, but also against Moesch under the co-conspirator exception to
the hearsay rule. See Tex. R. Evid. 801(e)(2)(E); see also Meador v. State, 812 S.W.2d 330, 332
(Tex. Crim. App. 1991) ("[T]he co-conspirator exception to the hearsay rule is [] not limited to
prosecutions for conspiracy; it is a rule of evidence applicable to any offense."). Accordingly,
Valdez's statements to Jacobs would have been admissible against Moesch even if he had been tried
separately, and the district court would not have abused its discretion in finding a lack of prejudice
on that ground. Furthermore, to the extent that Moesch is claiming prejudice from the admission of
any statements made by Briggs, we observe that the jury was instructed that any such statements
were admitted "solely for the purpose of serving as evidence in the case against [Briggs] . . . and such
statements cannot be considered as any evidence against [Moesch], or in any way to connect
the defendant with the alleged offense." The limiting instruction further provided that the jury "must
not consider such alleged statements of [Briggs], if any, in any way as any evidence whatsoever
against [Moesch], and you will restrict your consideration of such statements, if any, to the
determination of the guilt or innocence of [Briggs], if you do consider it, and not to [Moesch]." Such
an instruction, the district court could have reasonably found, would alleviate any risk of prejudice
to Moesch. See id.; see also Zafiro v. United States, 506 U.S. 534, 539-41 (1993) (explaining that
"even if there were some risk of prejudice" in a joint trial, "less drastic measures, such as limiting
instructions, often will suffice to cure any risk of prejudice").

 On this record, Moesch has failed to show "a serious risk that a specific trial
right would be compromised by a joint trial, or that a joint trial would prevent the jury from making
a reliable judgment about guilt or innocence." See Qualley, 206 S.W.3d at 636. Accordingly, we
cannot conclude that the district court abused its discretion in denying Moesch's motion to sever.
We overrule Moesch's first issue.


Alleged charge error

 In his second issue, Moesch asserts that the district court reversibly erred in failing
to sua sponte instruct the jury "to consider the evidence of each individual separately, without
reference to the guilt or innocence of Moesch's co-defendants." According to Moesch, "because the
trial court failed to ensure that Moesch's guilt be determined individually," by so instructing the jury,
"the judgment must be reversed and remanded for a new trial."

 Assuming without deciding that such an omission from the charge was error, (2) Moesch
did not request such an instruction or otherwise object to its omission. Accordingly, he is entitled
to reversal only if the record shows that he was egregiously harmed by the omission. See Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

 Charge errors that result in egregious harm are those that affect "the very basis of
the case," deprive the defendant of a "valuable right," or "vitally affect a defensive theory." Hutch
v. State, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996). What is ultimately required is a showing that
the error deprived the defendant of a "fair and impartial trial." Almanza, 686 S.W.2d at 172. When
determining if such a deprivation occurred, we are to consider: (1) the charge itself; (2) the state of
the evidence including contested issues and the weight of the probative evidence; (3) arguments
of counsel; and, (4) any other relevant information revealed by the record of the trial as a whole. See
Hutch, 922 S.W.2d at 171 (citing Bailey v. State, 867 S.W.2d 42, 43 (Tex. Crim. App. 1993)).

 Throughout the trial in this case, the jury was informed and reminded on multiple
occasions that an individual verdict was required for each defendant. At the beginning of voir dire,
the district court instructed the prospective jurors that during deliberations, the jury would have to
"determine guilt or innocence and whether the State has met its burden of proving the defendants,
any of them or each of them or none of them, guilty beyond a reasonable doubt, if they have in fact
proven their case beyond a reasonable doubt." The State, in its voir dire, was even more explicit
about this requirement:


You have three defendants in the case. And Judge Trudo has touched on this but
I want to do it again. You will be, if you're selected to be on the jury, you will be
given three separate verdict forms, three separate sets of instructions, one for each
defendant and you will conclude and deliberate individually on each defendant. You
will deliberate at the same time as a group, but you must believe beyond a reasonable
doubt that defendant A is guilty or not, defendant B is guilty or not, defendant C is
guilty or not.


They are each individually adjudged by you as a juror. Does everyone understand
that? So obviously you could find two guilty and one not guilty, you can find all
three guilty, you can find all three not guilty. But you do it one at a time. And you
must find beyond a reasonable doubt that that defendant is guilty and on his or her
verdict form before you move on to the next one. Does that make sense?



The record reflects that at least one prospective juror responded, "Yes." The record reflects that
none of the prospective jurors indicated that they did not understand. Counsel for Moesch later
emphasized the same point:


And what I urge you to do, what I respectfully ask you to do on behalf of
Kyle Moesch is judge each of these individuals as an individual. Look at the
evidence or testimony that you hear in this courtroom and try to determine if it
relates, how it relates to each individual defendant that's accused in this case.


This does not have to be a group verdict by any means, just as [the prosecutor]
told you. You have the right to return an individual verdict as to each of these young
people. And at the appropriate time in the case each lawyer will be addressing that
further. But keep in mind that even though there's three defendants, you're judging
one defendant.



Similar comments were made during voir dire by the attorneys for Briggs and Valdez.

 As the trial progressed, evidence was presented regarding the involvement of each
individual defendant in the crime, and the attorney for each defendant, during cross-examination,
emphasized how certain evidence did not apply to that defendant. We also observe that there was
evidence presented during trial relating specifically to Moesch's individual involvement in the
murder. In written statements to the police, Moesch admitted that he was with Sullivan and in his
apartment on the night he was murdered and also admitted, in one of the statements, that "when
initially approached" about the hit on Sullivan, he "offered to help in any way needed for a cut."
Also, Jacobs testified that Moesch told him the morning after the murder, "It's done, Sully's dead,"
and showed Jacobs what appeared to be blood on Moesch's pants after Moesch had just finished
"washing his hands." Moreover, phone records were admitted into evidence that tended to implicate
Moesch in the murder, and Moesch's DNA was found at the crime scene. Contrary to Moesch's
assertion, this was not a case in which the evidence of his involvement in the crime was weak.

 Furthermore, a separate charge was submitted for each defendant, each separate
charge contained a verdict form relating to that individual defendant alone, and each separate charge
was read to the jury separately prior to closing arguments. We also observe that during closing
arguments, each attorney for each defendant, as well as the prosecutors, emphasized the evidence
relating to each individual defendant. There was no suggestion by anyone that anything other than
an individual verdict for each defendant would be appropriate.

 On this record, we cannot conclude that Moesch was denied a fair and impartial trial
by the alleged charge error. We overrule Moesch's second issue.


CONCLUSION

 We affirm the judgment of the district court.


 ____________________________________________

 Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed: August 24, 2012

Do Not Publish
1. Briggs and Valdez filed similar motions to sever, which were also denied. Both Briggs
and Valdez were also convicted of capital murder. Briggs's appeal is before us as cause number 03-11-00275-CR, while Valdez's appeal is before us as cause number 03-11-00274-CR.
2. In his brief, Moesch cites to no authority holding that it is. See Tex. R. App. P. 38.1(i).