PD-1039-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/11/2015 3:54:30 PM
Accepted 3/12/2015 9:11:00 AM
ABEL ACOSTA
CLERK

# NO. PD-1039-14

*In the Court of Criminal Appeals of Texas* granted as a supplement to the petition for discretionary review, not as an amended petition 3-17-15 PC

## JOSE GUADALUPE RODRIGUEZ ELIZONDO,
### APPELLANT

### v.

## STATE OF TEXAS,
### APPELLEE

ON PETITION FOR DISCRETIONARY REVIEW
FROM CAUSE NO. 13-12-00028-CR
IN THE THIRTEENTH COURT OF APPEALS,
REVIEWING CAUSE NO. CR-3485-10-I
398TH JUDICIAL DISTRICT COURT OF HIDALGO COUNTY, TEXAS
HON. LINDA R. YAÑEZ PRESIDING BY ASSIGNMENT

## APPELLANT'S UNOPPOSED MOTION FOR LEAVE TO AMEND PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:

Appellant, Jose Guadalupe Rodriguez Elizondo, respectfully requests leave to amend his petition for discretionary review to correct an error and respectfully shows:

On September 29, 2014, Appellant filed a petition for discretionary review. On January 28, 2015, the Court granted Appellant's petition for

discretionary review and requested briefing on the merits on the second and third grounds for review, relating to sufficiency of the evidence and jury charge errors.

While preparing Appellant's Brief on the Merits, the undersigned counsel, for the first time, recognized an error in the court of appeals' decision that was inadvertently carried forward in Appellant's petition for discretionary review. Appellant requests leave to correct that error in the petition. Appellant has conferred with counsel for the State of Texas, who has indicated that the State is not opposed to the relief requested in this motion.

In the court of appeals below, Appellant raised five jury charge errors. Specifically, one of the errors Appellant raised below was that the jury charge erroneously instructed the jury that if it found that Appellant provoked an altercation, it should find the defendant "guilty of murder." Appellant's Brief at p. 45. In the statement of facts, Appellant informed the court of appeals that this error was not objected to in the trial court. Appellant's Brief at p. 20. Appellant argued in his brief that "[t]he jury should have been instructed, however, that if it found provocation, it should reject self-defense." Appellant's Brief at p. 45. Because of the unobjected-

to charge error, the undersigned counsel argued that Appellant suffered egregious harm under the *Almanza* standard. Appellant's Brief at 42, 47.

The Appellant's Brief was filed in the Thirteenth Court of Appeals on October 12, 2012. The Thirteenth Court of Appeals issued its decision in the case on January 16, 2014. In the court's opinion, the Thirteenth Court of Appeals erroneously concluded that Appellant's trial counsel objected to the jury charge and purported to quote the objection: "At trial, Elizondo argued that 'the jury should have been instructed, however, that if it found provocation, it should reject self-defense.'" *Elizondo v. State*, No. 13-12-00028-CR, 2014 WL 222834, at *9 (Tex. App.—Corpus Christi Jan. 16, 2014, pet. granted).

The undersigned counsel prepared motions for rehearing and for reconsideration en banc, but did not notice this error in the Thirteenth Court of Appeals' opinion. The undersigned counsel likewise did not recognize the error when preparing Appellant's Petition for Discretionary Review. As a result, the Petition states: "Defense counsel *did* object to this error, but again, while the court of appeals agreed that the instruction was erroneous, the court found no harm. *Elizondo*, 2014 WL 222834, at *9." The undersigned counsel, relying on the court of appeals opinion and not

3

recognizing the error, inadvertently carried the error forward into the petition for discretionary review.

It was not until preparing the brief on the merits that the undersigned counsel recognized that the court of appeals erred in determining that this particular charge error was preserved by objection in the district court. As a result, the error was repeated in the petition for discretionary review.

While preservation of the error changes the degree of harm that must be shown from the erroneous jury charge, the factors for analyzing that harm are the same.[1] And, "[n]either party bears the burden on appeal to prove harm or harmlessness."[2] Despite the error, the argument Appellant raises will be essentially the same: whether under a standard of "some harm" or "egregious harm," the court of appeals wholly failed to consider the *Almanza* factors. *See* Petition for Discretionary Review at 14 ("In addressing these two charge errors, while paying lip service to the applicable

---

[1] *Villarreal v. State*, No. PD-0332-13, 2015 WL 458146, at *3 (Tex. Crim. App. Feb. 4, 2015) (analyzing *Almanza* factors when reviewing for egregious harm); *Vogel v. State*, No. PD-0873-13, 2014 WL 5394605, at *4 (Tex. Crim. App. Sept. 17, 2014) (analyzing *Almanza* factors when reviewing for "some harm"); *Reeves v. State*, 420 S.W.3d 812, 817 (Tex. Crim. App. 2013) (same); *Bailey v. State*, 867 S.W.2d 42, 43 (Tex. Crim. App. 1993) ("Rather, every charge error must be assessed in light of 'the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the arguments of counsel and any other relevant information revealed by the record of the trial as a whole.'").

[2] *Vogel*, 2014 WL 5394605, at *4.

4

standard of review, the court of appeals did not engage in any analysis at all.").

However, the undersigned counsel believes that to comply with her duty of candor to this Honorable tribunal, the error must be corrected in her petition for discretionary review. The undersigned profusely apologizes for the oversight. The undersigned counsel will address the proper standard of review in Appellant's brief on the merits.

For all the foregoing reasons, Appellant's undersigned counsel respectfully apologizes for the error in Appellant's petition for discretionary review and requests leave to amend the petition. A copy of the amended petition is being filed concurrently with this motion.

Respectfully submitted,

/s/ Brandy Wingate Voss
Brandy Wingate Voss
State Bar No. 24037046
SMITH LAW GROUP, P.C.
820 E. Hackberry Ave.
McAllen, TX 78501
(956) 683-6330
(956) 225-0406 (fax)
brandy@appealsplus.com

*Counsel for Appellant*

5

## CERTIFICATE OF CONFERENCE

I certify that on March 11, 2015, I conferred with John Messinger and Michael Morris, counsel for Appellee the State of Texas, who informed me that the Appellee does not oppose the relief requested in this motion.

/s/ Brandy Wingate Voss
Brandy Wingate Voss

## CERTIFICATE OF SERVICE

I certify that on March 11, 2015, in compliance with Texas Rule of Appellate Procedure 9.5, I served this document on the following counsel of record by electronic mail and/or by facsimile:

Lisa C. McMinn
John R. Messinger
*State Prosecuting Attorneys*
Office of State Prosecuting Attorney of Texas
P. O. Box 13046
Austin, Texas 78711-3046
Fax: (512) 463-5724

Ted Hake
Michael Morris
*Assistant District Attorney*
Appeals Section
Office of Criminal District Attorney
Hidalgo County, Texas
100 N. Closner, Rm 303
Edinburg, Texas 78539
Fax: (956) 380-0407
ted.hake@da.co.hidalgo.tx.us
michael.morris@da.co.hidalgo.tx.us

/s/ Brandy Wingate Voss
Brandy Wingate Voss