NO.  07-08-0257-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL D

 

FEBRUARY 24, 2010

__________________________

 

SERENA BLACKENEY
WAINWRIGHT, APPELLANT

 

V. 

 

THE STATE OF TEXAS,
APPELLEE

__________________________

 

FROM THE 251ST
DISTRICT COURT OF RANDALL COUNTY;

 

NO. 18437-C;
HONORABLE ANA ESTEVEZ, JUDGE

___________________________

 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 

MEMORANDUM OPINION

 

Appellant Serena Blakeney Wainright appeals from
her jury-trial conviction for possession of cocaine in an amount less than one
gram and the resulting punishment of twenty months in a state jail
facility.  Through one issue presenting
an assertion of jury charge error, appellant contends she is entitled to a new
trial.  We disagree and affirm.

 

Background

Appellant was
charged by indictment with possession of cocaine in an amount of less than one
gram.”[1]  After her not-guilty plea,[2]
the State presented its case through the testimony of police officers.  That testimony showed that during the early
morning hours, a patrol officer driving behind appellant’s car observed it
approach an intersection controlled by a stop sign, with a white painted stop
line.  Appellant engaged her brakes and
stopped.  The testimony raised a fact
issue of the reasonableness of the officer’s conclusion she failed to stop her
vehicle at the point required by statute.

The officer
testified appellant’s car came to a stop when the “rear tires are on top of the
stop bar” and the front of the car was “obviously past the stop bar.”[3]
The video from the officer’s in-car camera was admitted and played for the
jury.  The video clearly shows the front
of appellant’s Lincoln sedan was several feet past the stop line when it came
to a stop.  It is less clear from the
video that the rear tires were on top of the stop line when the car stopped,
but the officer’s stated perception that such was the case is not unreasonable.


Appellant
testified, explaining that the white stop line is “on an angle” and she stopped
when her car was “situated directly over the line.”  She introduced several photographs of the
intersection to illustrate her testimony.[4]
Appellant maintained she stopped where she was “supposed to.” 

The officer
conducted a traffic stop of appellant. During a check of appellant’s driver’s
license and vehicle registration, the officer discovered her license was
suspended.  He placed her under arrest
for the offense.  Officers searched
appellant’s car and discovered, among other items, a baggy containing a white
powdery substance that tested positive for cocaine.  During her testimony, appellant denied the
cocaine and paraphernalia found in her car belonged to her.  

            At
the close of the guilt/innocence phase, the jury was given a charge that
included an instruction pursuant to article 38.23(a) of the Code of Criminal
Procedure.[5]  The application sentence of the instruction
told the jury:  “Now, bearing in mind
[sic] if you find from the evidence, that on the occasion in question [appellant]
did properly stop her vehicle behind the white line in front of the stop sign
of the intersection in question or if you have a reasonable doubt thereof, you
will disregard” the officer’s testimony and not consider evidence resulting
from the traffic stop. It is the instruction’s use of the phrase “behind the
white line” that forms the basis for appellant’s complaint.  The transportation code uses the phrase “at a
. . . line.”[6] 

            After
hearing the evidence presented, the jury found appellant guilty as charged in
the indictment.  The trial court later
sentenced appellant to twenty months in a state jail facility and assessed a
$500.00 fine.  Appellant timely appealed.

Analysis

            Appellant
in this court argues she is entitled to a new trial because she was egregiously
harmed by the article 38.23(a) jury instruction.  Appellant contends that because failure to
stop “behind” a stop line is not a violation of traffic laws, the instruction
improperly permitted the jury to consider evidence discovered from the
officer’s unlawful traffic stop.  No
objection to the instruction was raised at trial.

            Appellant
asserts further that the patrol car video shows appellant stopped her car on
the stop line and based on the angle of that line, the jury could easily have concluded
she could have stopped on the line but behind the stop sign.  

Applicable Law

            An officer may conduct a lawful
temporary detention when the officer has reasonable suspicion to believe the
person detained is violating the law.  Ford v. State, 158 S.W.3d 488, 492 (Tex.Crim.App. 2005).  That
determination is an objective one, based on the totality of the circumstances.  A reasonable suspicion exists if a reasonable
person in the position of the officer making the stop, with the training and
experience of the officer, and with the knowledge possessed by the officer, could
suspect that the vehicle or person stopped has been or is connected to criminal
activity.  United States v. Cortez, 449 U.S. 411, 421-22,101 S.Ct. 690, 66 L.Ed.2d 621 (1981);  see
Ford, 158 S.W.3d at 492 ("[r]easonable
suspicion exists if the officer has specific, articulable
facts that, when combined with rational inferences from those facts, would lead
him to reasonably conclude that a particular person actually is, has been, or
soon will be engaged in criminal activity"); Garcia v. State, 43 S.W.3d 527, 530 (Tex.Crim.App. 2001) (reasonable suspicion does not require absolute certainty
that an offense has been committed).

            Thus we must bear in mind the issue before us deals not
with appellant’s guilt or innocence of a violation of the transportation code,
but with the reasonableness of the officer’s suspicion she had violated
it.  See,
e.g., Madden v. State, 242 S.W.3d 504, 508 n.7 (Tex.Crim.App.
2007) (noting factual issue in that case was not whether defendant was speeding
but whether officer had reasonable belief defendant was speeding).   

            Appellant asserts the trial court erred in its jury
charge.  Because the trial court was not
made aware of the claimed error, we will reverse the judgment only if we find
both that the court erred in its charge and appellant suffered egregious harm
from the error.          Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App.
1985) (op. on reh’g).  Egregious harm is a difficult standard to
prove and must be determined on a case by case basis. Ellison
v. State, 86 S.W.3d 226, 227 (Tex.Crim.App.
2002).  Jury-charge error is
egregiously harmful if it affects the very basis of the case, deprives the
defendant of a valuable right, or vitally affects a defensive theory.  Stuhler
v. State, 218 S.W.3d 706, 719 (Tex.Crim.App.
2007), citing Hutch v. State, 922 S.W.2d 166, 171 (Tex.Crim.App.
1996) (plurality opinion).   In examining
the record to determine whether jury-charge error is egregious, the reviewing
court should consider the entirety of the jury charge itself, the evidence,
including the contested issues and weight of the probative evidence, the
arguments of counsel, and any other relevant information revealed by the record
of the trial as a whole.  Stuhler,
218 S.W.3d at 719; Bailey v. State, 867 S.W.2d 42, 43 (Tex.Crim.App. 1993). 
The harm suffered must be actual rather than theoretical.  See, e.g., Curry v. State, 222 S.W.3d
745, 753 (Tex.App.–Waco 2007, pet. ref’d) (concluding defendant’s speculation that one juror
“might have found sudden passion” was “theoretical harm that we will not
credit”).    

Application of the Law to the Facts

            We
need not address the question whether the trial court’s use of the phrase
“behind the line” in its article 38.23(a) instruction in this case was
erroneous, and we express no opinion on it.[7]
Even if it was erroneous, appellant did not suffer egregious harm because of
it.

Appellant’s
contention is that the jury was misled to believe that the officer’s traffic
stop was lawful unless they found she stopped her car behind the white
line.  She argues the instruction should
have said, “at the white line.”  But considering the evidence the jury saw,
and its weight, and considering the issue presented by the article 38.23(a)
instruction, Stuhler, 218 S.W.3d at
719, we see virtually no chance the jury was led to a wrong conclusion, or that
appellant was egregiously harmed otherwise, by the substitution of the phrase
“behind the white line.” Again, the article 38.23(a) issue here is, did the
officer have articulable facts leading to a
reasonable suspicion appellant violated the transportation code?  The officer testified he saw appellant’s car
come to a stop with the front of the car “obviously past” the line, with its
rear tires “on top of” the line.  The
video does not dispute the officer’s testimony but generally confirms it.  In the face of that evidence, we see little
difference in a statement the law required appellant to stop “at the line” with
one it required her to stop “behind the line.” 
According to the evidence, the officer reasonably could have concluded
she did neither.   

Consideration of the other factors of an egregious harm analysis do not lead to a different conclusion.  Appellant argues the “behind the line” versus
“at the line” distinction is like the charge error in Hutch, 922 S.W.2d
at 169-70, which was found to be egregious. 
We disagree. The instruction in Hutch,
which added the word “not,” had the effect of telling the jury the opposite of
the law.[8]  Hutch, 922 S.W.2d at 172. 
That is not the case here.  While
the phrases “behind the line” and “at the line” may not be synonymous, neither are they opposites.

Appellant also
argues that the issue of the legality of the stop was “obviously contested.” See Hutch, 922 S.W.2d
at 173.  We believe the record
shows the focus of the evidence and argument was on appellant’s intent to
possess cocaine and drug paraphernalia, not the validity of the stop.  Appellant also contends the importance of the
closing arguments was similar to that of Hutch.  However, the State correctly argued the law,
stating appellant pulled too far forward over the line.  The prosecutor did not argue appellant
committed a violation by failing to stop behind the stop line.  

            Lastly,
appellant argues the case against her was circumstantial and the indications of
guilt here are “nowhere near overwhelming.” 
She asserts the cocaine was not in plain view, was not apparent to
anyone without taking apart the lighter in which it was housed, and no
fingerprints were found.  She
acknowledges the evidence of possession of paraphernalia was strong but asserts
appellant’s explanation for its presence was plausible even though the jury
didn’t believe it.  Appellant also points
to the patrol officer’s testimony appellant did not appear to be under the
influence of drugs at the time of the stop and notes the first jury that heard this
case could not reach a guilty verdict.

            We
find the record in this case rather clearly supports the validity of the
officer’s traffic stop of appellant. 
After considering the entire jury charge, the evidence, the arguments of
counsel, and the record as a whole, in the context of the reasonable suspicion
determination, we further find that the error, if any, in the court’s use of
the words “behind the white line” instead of “at the white line” in its article
38.23(a) instruction did not deny appellant a fair and impartial trial or
deprive her of a valuable right.  Hutch,
922 S.W.2d at 171-72.[9]  For the reasons given, we find appellant did
not suffer actual egregious harm.  We
overrule appellant’s sole issue on appeal and affirm the trial court’s
judgment.

                                                                                                                                                                                                                                                            James
T. Campbell

                                                                                                            Justice

Do not publish.











[1]   See Tex. Health & Safety Code Ann. §
481.115(b) (Vernon 2003).  This is a
state jail felony punishable by confinement in a state jail facility for any
term of not more than two years or less than 180 days and a fine not to exceed
$10,000.  Tex. Penal
Code Ann. § 12.35 (Vernon 2007). 

 





[2]   This was the
retrial of this cause.  In the first
trial, the jury was unable to reach a verdict. 

 





[3]  The record is
clear the officer was referring to the painted stop line.  

 





[4]  The
photographs show that the intersecting streets are not at right angles, but
that fact is not significant to our analysis on this record.  

 





[5] See Tex. Code Crim. Proc. Ann. art.
38.23 (Vernon 2005).





 

[6] The instruction addressed the requirements of the
traffic laws only in its application sentence. 
The pertinent transportation code provision states:  An operator required to stop by this section
shall stop before entering the crosswalk on the near side of the intersection.
In the absence of a crosswalk, the operator shall stop at a clearly marked stop
line.  In the absence of a stop line, the
operator shall stop at the place nearest the intersecting roadway where the
operator has a view of approaching traffic on the intersecting roadway.  Tex. Transp. Code Ann. §
544.010(c) (Vernon 1999).  The
intersection here had no crosswalk.  





[7]  Nor do we
express any opinion on the correctness generally of the court’s article
38.23(a) instruction.  We again note,
however, the Court of Criminal Appeals’ recent emphasis in Madden that article 38.23(a) instructions in cases such as this
properly must focus on the reasonableness of the officer’s suspicions based on
the articulable facts.  242 S.W.3d at 516 n.31.





[8]  The
instruction in Hutch instructed the
jury the stop was authorized if appellant was wearing a seatbelt.  However, the opposite is true; such a stop
would have been illegal.  Hutch, 922 S.W.2d at
172.  





[9]  Appellant also
cites Allen v. State, 253 S.W.3d 260,
268 (Tex.Crim.App. 2008), and appears to argue that
the denial of the “valuable and unambiguous right of a legally correct article
38.23 instruction,” alone provides a sufficient demonstration of egregious harm
to require reversal.  We find no support
in Allen for such a contention.