NUMBER
13-10-00163-CR

 

                                        COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI
- EDINBURG

                                                                     


 

DESREL RAY LINDEN,                                  
 Appellant,

 

v.

 

THE STATE OF TEXAS,                                   
Appellee.

                                                                     


 

On appeal from the Criminal
District Court

of Jefferson County,
Texas.

                                                   
                  

 

MEMORANDUM OPINION

 

        Before
Chief Justice Valdez and Justices Rodriguez and Benavides

                      Memorandum
Opinion by Justice Benavides

 








Appellant,
Desrel Ray Linden, was convicted by a jury of murder, a second-degree felony,[1]
and sentenced to fifteen years’ confinement in the Texas Department of
Criminal Justice—Institutional Division.  See Tex. Penal Code Ann. § 19.02(b)(1) (West 2003), § 12.32 (West Supp. 2010).  By five
issues, Linden contends that the trial court erred by (1) failing to properly
instruct the jury on his affirmative defense of self-defense; (2) giving
improper definitions in the jury charge for the mental state required for the
indicted offense; and that (3)-(5) the evidence was legally and factually insufficient
to support the verdict.  We affirm.

I.  Background[2]

 

            On
May 17, 2007, Linden and his friend, Curley Sinegal, Jr., were traveling
between landscape maintenance jobs when Linden stopped his truck for gas in
Port Arthur, Texas.  At the same time, Peter Tran and his niece, Phuong Tran,
pulled up to an adjacent gas pump in Phuong’s car.  The testimony conflicted as
to what was said between the two parties:  Phuong testified that Linden asked
her if she “wanted to go home with him” and that Linden was confrontational
with Peter, asking him “What are you looking at?” and making derogatory
comments about Peter’s mother; Sinegal and Linden testified that no such
comments were made to Phuong or to Peter.  At this time, Linden and Peter began
to yell at one another.  When Peter and Phuong began to leave the gas station,
Peter threw light bulbs at Linden’s truck.  Phuong made a u-turn out of the gas
station, and Peter then yelled further obscenities at Linden and Sinegal. 
Phuong dropped Peter off at another vehicle belonging to Peter’s girlfriend
that was parked across the street.  Phuong was not further involved in the
encounter.  According to defense testimony, Peter began to follow Linden and
Sinegal down the street, and when Peter rolled down his window, he continued to
yell and made movements as though he was pulling a weapon from between his
driver’s seat and car door.  In response, Linden drew a gun and fired four
shots at Peter, emptying his gun; one shot hit Peter in the back of the head
and a second shot hit Peter in the neck.  Peter crashed his vehicle and died
from his injuries.  Linden remained at the scene, called 911, and told the
responding detective what had transpired.  No gun was found in Peter’s vehicle,
but a tire iron was found between the driver’s seat and door.

II. 
Discussion

 

A. 
Sufficiency of the Evidence

            By
his third, fourth and fifth issues, Linden contends that the evidence was
legally and factually insufficient to support the verdict.  Specifically, he
contends that the evidence was insufficient to support findings that he acted
“intentionally” or “knowingly” in causing the death of Peter Tran.

            1.  Standard of Review

 

The
Texas Court of Criminal Appeals has held that our only sufficiency review
should be under “a rigorous and proper application” of the Jackson
standard of review, and therefore, we apply only that standard as argued in
Linden’s legal sufficiency arguments.  See Brooks v. State, 323 S.W.3d
893, 906 (Tex. Crim. App. 2010).  Under this standard, “the relevant question is
whether, after viewing the evidence in the light most favorable to the
prosecution, any rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt.”  Jackson v. Virginia, 443 U.S.
307, 319 (1979); see Brooks, 323 S.W.3d at 902 n.19.  “[T]he
fact-finder’s role as weigher of the evidence is preserved through a legal
conclusion that upon judicial review all of the evidence is to be
considered in the light most favorable to the prosecution.”  Jackson,
443 U.S. at 319 (emphasis in original); see Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979) (“The
jury, in all cases, is the exclusive judge of facts proved, and the weight to
be given to the testimony . . . .”); Wesbrook v. State,
29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (“The jury is the exclusive judge of
the credibility of witnesses and of the weight to be given testimony, and it is
also the exclusive province of the jury to reconcile conflicts in the
evidence.”).

            Sufficiency
of the evidence is measured by the elements of the offense as defined by a
hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997).  Under a hypothetically correct jury charge, the State
was required to prove beyond a reasonable doubt that Linden:  (1) intentionally
or knowingly (2) caused the death of Peter Tran.  See Tex. Penal Code Ann.
§ 19.02(b)(1).  

A
defendant’s intent may be inferred from his words, acts, and conduct.  Patrick
v. State, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995).  “Intent and knowledge
are fact questions for the jury, and are almost always proven through evidence
of the circumstances surrounding the crime.”  Manrique v. State, 994
S.W.2d 640, 649 (Tex. Crim. App. 1999) (Meyers, J., concurring) (citing Robles
v. State, 664 S.W.2d 91, 94 (Tex. Crim. App. 1984)).

2. 
Analysis

 

In
this case, Linden did not deny emptying his gun by firing four shots at Peter. 
Additionally, the jury heard testimony about the trajectory of the bullets and
that the back glass of Peter’s vehicle was shot out.  The State contended that
because the bullets hit Peter in the back of the head and neck, this was an
indication that Linden had either begun firing before he was even next to Peter
or that he continued to fire after Peter was driving away.  The jury also heard
testimony that Peter did not have a gun.  Based on this evidence and the jury’s
ability to infer a defendant’s intent from his words, acts, and conduct, we
conclude that, when viewed in the light most favorable to the prosecution, a
rational trier of fact could have found beyond a reasonable doubt that Linden
acted with the intent to kill Peter.  See Jackson, 443 U.S. at
319; Patrick, 906 S.W.2d at 487.  Having so concluded, we need not
address Linden’s separate issue concerning the legal sufficiency of evidence
supporting a finding that he “knowingly” killed Peter.  See Tex. Penal Code Ann. § 19.02(b)(1)
(requiring that a jury must find that a defendant intentionally or
knowingly caused the death of an individual); see also Tex. R. App. P. 47.1.  Accordingly, we
overrule Linden’s third, fourth, and fifth issues.  

B.  Jury Charge

 

By
his first and second issues, Linden contends that the trial court committed
reversible error by:  (1) failing to include an instruction on self-defense in
the application portion of the jury charge; and (2) giving incorrect
definitions for the required culpable mental state for the crime for which he
was indicted.  

1.     Standard of Review

 

“Our first duty in analyzing a
jury-charge issue is to decide whether error exists.  Then, if we find error,
we analyze that error for harm.”  Ngo v. State, 175 S.W.3d 738, 743
(Tex. Crim. App. 2005) (citing Middleton v. State, 125 S.W.3d 450, 453
(Tex. Crim. App. 2003)).  The degree of harm required to reverse the trial
court’s judgment depends on whether or not the appellant objected to the charge
before it was given to the jury.  Id.  Under Almanza v. State, if
the defendant has properly objected to the charge, we need only find “some
harm” to reverse the trial court’s judgment.  Id. at 743–44 (citing Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g)).  If
the defendant fails to object, however, or states that he has no objection to
the charge, “we will not reverse for jury-charge error unless the record shows
‘egregious harm’ to the defendant.”  Id.  In determining whether
egregious harm exists, we examine the charge in its entirety, the state of the
evidence, the argument of counsel, and any other relevant information in the
record.  Id.  

2.  The
Self-Defense Instruction 

 

At
his trial, Linden argued that he shot Peter in self-defense.  The jury charge,
in a separate “Self-defense Charge,” included a full and comprehensive
explanation of the affirmative defense of self-defense and instructed the jury
that if the requirements of a valid self-defense claim were met, or “if [the
jury has] a reasonable doubt thereof, [it] should find the defendant not
guilty.”  However, on the following page, the paragraph titled “Charge” does
not make the self-defense instruction explicit nor does it apply the self-defense
instruction to the facts of Linden’s case.  Instead, it stated simply: 

Now, if you
believe from the evidence beyond a reasonable doubt that . . .
Linden intentionally or knowingly caused the death of Peter
Tran . . . you shall find the defendant guilty of the offense of
[m]urder as alleged in the indictment.  

 

Unless you so
find, or if you have a reasonable doubt thereof, you shall find the defendant
NOT GUILTY.

 

By
his first issue, Linden argues that this “allowed the jury to find that
appellant engaged in the actions made the basis of the prosecution, and then
convict him of the charged offense, without requiring the jury to find that the
state had disproved self[-]defense beyond a reasonable doubt.”  The Texas Court
of Criminal Appeals has held that “the failure to apply the law of self-defense
to the facts of the case and to instruct the jury to acquit if they held a
reasonable doubt on self-defense was error.”  Barrera v. State, 982 S.W.2d
415, 415 (Tex. Crim. App. 1998).  Here, the jury charge did not apply the
self-defense law to the facts adduced at the trial, and therefore, we conclude
that the jury charge contained error.  See id; see also Tex. Penal Code Ann. § 2.03(d)
(West 2003) (“If the issue of the existence of a defense is submitted to the
jury, the court shall charge that a reasonable doubt on the issue requires that
the defendant be acquitted.”).

            However,
because Linden did not object to the error, he must demonstrate egregious
harm.  See Almanza, 686 S.W.2d at 171; Barrera, 982 S.W.2d
at 417.  Under nearly identical facts, we have previously held that the failure
to include self-defense in the application paragraph did not cause egregious
harm where the appellant relied on self-defense as a defensive theory at trial,
it was urged in closing arguments, and a separate instruction on self-defense
was given that gave the jury instructions on how to properly apply the
defense.  Barrera v. State, 10 S.W.3d 743, 745 (Tex. App.—Corpus Christi
2000, no pet.).  Just as in that case, a separate instruction was given in this
case, and in closing argument, Linden’s counsel not only argued at length that
the jury should find Linden not guilty based on the self-defense instruction,
but he actually re-read nearly the entire instruction to the jury.  Linden’s
counsel concluded, “[w]e have the right under our law and under this law to
defend ourselves. . . .  [Linden] didn’t have a retreat.  He
reacted.  He reacted in self-defense.”  Just as we concluded in Barrera,
“[t]here is nothing in the record indicating the jury was misinformed or
uninformed on the law of self-defense.”  Id.  Considering the jury was
given a general instruction on the law of self-defense—and specifically told
that it should find Linden not guilty if it believed or had a reasonable doubt
as to whether or not he acted in self-defense—and considering that Linden’s
counsel discussed self-defense in his argument before the jury, we conclude the
trial court's error in the jury charge did not cause egregious harm to Linden. 
See id.; see also Ngo, 175 S.W.3d at 743–44.  Accordingly,
we overrule Linden’s first issue.

3. 
Culpable Mental State

 

By
his second issue, Linden contends that the trial court erred by giving improper
definitions for “intentionally” and “knowingly” in the jury charge as they
pertain to the offense for which he was indicted.  Specifically, Linden
contends that the definitions in the jury charge included language that would
allow him to be convicted because he intentionally or knowingly engaged in
the conduct that caused Peter Tran’s death, rather than the fact that he
intentionally or knowingly caused Peter Tran’s death.  This distinction
is described in terms of “result of conduct” offenses and “nature of conduct”
offenses.  We agree that the court committed error in defining these terms.  

Murder
is a result of conduct offense, meaning that the applicable mental state is
only that related to the result of the conduct—i.e., intentionally killing—not
the conduct that ultimately causes the result—i.e., intentionally firing the
gun.  See Cook v. State, 884 S.W.2d 485, 490 (Tex. Crim. App. 1994).  It
is error to include the definition relevant to a nature of conduct offense in a
jury charge when the appropriate definition would only include language
pertaining to the result of conduct.  See Schroeder v. State, 123 S.W.3d
398, 400 (Tex. Crim. App. 2003).  Here, the trial court clearly erred by giving
over-inclusive definitions for “intentionally” and “knowingly” in the jury
charge.  See id.

However,
here again, Linden must demonstrate egregious harm because he failed to object
to the jury charge.  See Almanza, 686 S.W.2d at 171.  In analogous
situations, both the First and Fifth District Courts of Appeals have addressed this
issue as it pertained to aggravated assault cases—also a result of conduct
offense.  Green v. State, 891 S.W.2d 289, 293 (Tex. App.—Houston [1st
Dist.] 1994, pet. ref’d); Sneed v. State, 803 S.W.2d 833, 834–35 (Tex.
App.—Dallas 1991, pet. ref’d).  Each court concluded that the definitions were
erroneous, but because the factors outlined by the Texas Court of Criminal
Appeals in Bailey were unique to each case, the courts differed
on whether there was egregious harm that prevented the respective defendants
from receiving a fair trial.  Green, 891 S.W.2d at 295; Sneed,
803 S.W.2d at 836–37; see Bailey v. State, 867 S.W.2d 42, 43
(Tex. Crim. App. 1993) (noting that the court must consider the following
factors:  the charge in its entirety, the state of the evidence, the argument
of counsel, and any other relevant information in the record in order to
determine if egregious harm existed).  In determining if egregious harm existed
in this case, we look to these same factors.  See Bailey, 867
S.W.2d at 43.

First,
the charge itself mitigated any possible harm to the defendant by giving the
proper definition of intentionally and knowingly in the application paragraph. 
In the portion of the charge where the jury is actually called upon to make a
determination, the charge allows the jury to find Linden guilty only if he
“intentionally or knowingly caused the death of Peter Tran” and makes no
mention of conduct whatsoever.  See id.  Second, as we noted in Part A, supra,
the evidence in this case was clearly sufficient to find that Linden intended
the result of his conduct.  See id.  Third, neither party mentioned the
erroneous instruction in argument to the jury nor argued that the jury should
find Linden guilty based solely on his conduct; and moreover, although Linden
admitted to the shooting, he made no argument that he did not intend to kill
Peter, only that he acted in self-defense (in fact, he continuously argued that
deadly force was justified).  See id.  And fourth, Linden points to no
specific evidence in the record that would tend to make this error egregious.  See
id.  Therefore, after considering the Bailey factors, we conclude
that the trial court’s error was not so egregious that Linden was denied a fair
trial.  See id.; Green, 891 S.W.2d at 295 (concluding that
overwhelming evidence and defense counsel’s arguments to the jury in closing
argument were sufficient to render erroneous definitions of “intentionally” and
“knowingly” not egregiously harmful).  Linden’s second issue is overruled.

III. 
Conclusion

Having
overruled all of Linden’s issues on appeal, we affirm the trial court’s
judgment.  

 

________________________

GINA
M. BENAVIDES,

Justice

 

Publish.

Tex. R. App.
P.47.2(b).

 

Delivered and filed the

7th day of July, 2011. 









[1]  The charge was lowered to a second-degree felony upon the jury’s
determination that the offense was committed “under the immediate influence of
sudden passion arising from an adequate cause.”  See Tex. Penal Code Ann. § 19.02(c),
(d) (West 2003).





[2]   This case is before this Court on
transfer from the Court of Appeals for the Ninth Judicial District in Beaumont
pursuant to an order issued by the Supreme Court of Texas. See Tex. Gov't Code Ann. § 73.001 (West
2005).