

NUMBER 13-10-00163-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**DESREL RAY LINDEN,**                                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                          **Appellee.**

### On appeal from the Criminal District Court
### of Jefferson County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Justice Benavides

Appellant, Desrel Ray Linden, was convicted by a jury of murder, a second-degree felony,[1] and sentenced to fifteen years' confinement in the Texas Department of Criminal Justice—Institutional Division. *See* TEX. PENAL CODE ANN.

---

[1] The charge was lowered to a second-degree felony upon the jury's determination that the offense was committed "under the immediate influence of sudden passion arising from an adequate cause." *See* TEX. PENAL CODE ANN. § 19.02(c), (d) (West 2003).

§ 19.02(b)(1) (West 2003), § 12.32 (West Supp. 2010). By five issues, Linden contends that the trial court erred by (1) failing to properly instruct the jury on his affirmative defense of self-defense; (2) giving improper definitions in the jury charge for the mental state required for the indicted offense; and that (3)-(5) the evidence was legally and factually insufficient to support the verdict. We affirm.

## I. BACKGROUND[2]

On May 17, 2007, Linden and his friend, Curley Sinegal, Jr., were traveling between landscape maintenance jobs when Linden stopped his truck for gas in Port Arthur, Texas. At the same time, Peter Tran and his niece, Phuong Tran, pulled up to an adjacent gas pump in Phuong's car. The testimony conflicted as to what was said between the two parties: Phuong testified that Linden asked her if she "wanted to go home with him" and that Linden was confrontational with Peter, asking him "What are you looking at?" and making derogatory comments about Peter's mother; Sinegal and Linden testified that no such comments were made to Phuong or to Peter. At this time, Linden and Peter began to yell at one another. When Peter and Phuong began to leave the gas station, Peter threw light bulbs at Linden's truck. Phuong made a u-turn out of the gas station, and Peter then yelled further obscenities at Linden and Sinegal. Phuong dropped Peter off at another vehicle belonging to Peter's girlfriend that was parked across the street. Phuong was not further involved in the encounter. According to defense testimony, Peter began to follow Linden and Sinegal down the street, and when Peter rolled down his window, he continued to yell and made

---

[2] This case is before this Court on transfer from the Court of Appeals for the Ninth Judicial District in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

2

movements as though he was pulling a weapon from between his driver's seat and car door.   In response, Linden drew a gun and fired four shots at Peter, emptying his gun; one shot hit Peter in the back of the head and a second shot hit Peter in the neck.   Peter crashed his vehicle and died from his injuries.   Linden remained at the scene, called 911, and told the responding detective what had transpired.   No gun was found in Peter's vehicle, but a tire iron was found between the driver's seat and door.

## II.  DISCUSSION

### A.  Sufficiency of the Evidence

By his third, fourth and fifth issues, Linden contends that the evidence was legally and factually insufficient to support the verdict.   Specifically, he contends that the evidence was insufficient to support findings that he acted "intentionally" or "knowingly" in causing the death of Peter Tran.

#### 1.  Standard of Review

The Texas Court of Criminal Appeals has held that our only sufficiency review should be under "a rigorous and proper application" of the *Jackson* standard of review, and therefore, we apply only that standard as argued in Linden's legal sufficiency arguments.   *See Brooks v. State*, 323 S.W.3d 893, 906 (Tex. Crim. App. 2010).   Under this standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."   *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see Brooks*, 323 S.W.3d at 902 n.19.   "[T]he fact-finder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution."   *Jackson*,

3

443 U.S. at 319 (emphasis in original); *see* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979) ("The jury, in all cases, is the exclusive judge of facts proved, and the weight to be given to the testimony . . . ."); *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) ("The jury is the exclusive judge of the credibility of witnesses and of the weight to be given testimony, and it is also the exclusive province of the jury to reconcile conflicts in the evidence.").

Sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Under a hypothetically correct jury charge, the State was required to prove beyond a reasonable doubt that Linden: (1) intentionally or knowingly (2) caused the death of Peter Tran. *See* TEX. PENAL CODE ANN. § 19.02(b)(1).

A defendant's intent may be inferred from his words, acts, and conduct. *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995). "Intent and knowledge are fact questions for the jury, and are almost always proven through evidence of the circumstances surrounding the crime." *Manrique v. State*, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999) (Meyers, J., concurring) (citing *Robles v. State*, 664 S.W.2d 91, 94 (Tex. Crim. App. 1984)).

## 2. Analysis

In this case, Linden did not deny emptying his gun by firing four shots at Peter. Additionally, the jury heard testimony about the trajectory of the bullets and that the back glass of Peter's vehicle was shot out. The State contended that because the bullets hit Peter in the back of the head and neck, this was an indication that Linden had either begun firing before he was even next to Peter or that he continued to fire after Peter was

4

driving away.   The jury also heard testimony that Peter did not have a gun.   Based on this evidence and the jury's ability to infer a defendant's intent from his words, acts, and conduct, we conclude that, when viewed in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that Linden acted with the intent to kill Peter.   *See Jackson*, 443 U.S. at 319; *Patrick*, 906 S.W.2d at 487. Having so concluded, we need not address Linden's separate issue concerning the legal sufficiency of evidence supporting a finding that he "knowingly" killed Peter.   *See* TEX. PENAL CODE ANN. § 19.02(b)(1) (requiring that a jury must find that a defendant intentionally *or* knowingly caused the death of an individual); *see also* TEX. R. APP. P. 47.1.   Accordingly, we overrule Linden's third, fourth, and fifth issues.

## B.   Jury Charge

By his first and second issues, Linden contends that the trial court committed reversible error by:   (1) failing to include an instruction on self-defense in the application portion of the jury charge; and (2) giving incorrect definitions for the required culpable mental state for the crime for which he was indicted.

### 1.   Standard of Review

"Our first duty in analyzing a jury-charge issue is to decide whether error exists. Then, if we find error, we analyze that error for harm."   *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (citing *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003)).   The degree of harm required to reverse the trial court's judgment depends on whether or not the appellant objected to the charge before it was given to the jury. *Id.*   Under *Almanza v. State*, if the defendant has properly objected to the charge, we need only find "some harm" to reverse the trial court's judgment.   *Id.* at 743–44 (citing

5

*Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)).  If the defendant fails to object, however, or states that he has no objection to the charge, "we will not reverse for jury-charge error unless the record shows 'egregious harm' to the defendant."  *Id.*  In determining whether egregious harm exists, we examine the charge in its entirety, the state of the evidence, the argument of counsel, and any other relevant information in the record.  *Id.*

### 2.  The Self-Defense Instruction

At his trial, Linden argued that he shot Peter in self-defense.   The jury charge, in a separate "Self-defense Charge," included a full and comprehensive explanation of the affirmative defense of self-defense and instructed the jury that if the requirements of a valid self-defense claim were met, or "if [the jury has] a reasonable doubt thereof, [it] should find the defendant not guilty."   However, on the following page, the paragraph titled "Charge" does not make the self-defense instruction explicit nor does it apply the self-defense instruction to the facts of Linden's case.   Instead, it stated simply:

> Now, if you believe from the evidence beyond a reasonable doubt that . . . Linden intentionally or knowingly caused the death of Peter Tran . . . you shall find the defendant guilty of the offense of [m]urder as alleged in the indictment.
>
> Unless you so find, or if you have a reasonable doubt thereof, you shall find the defendant NOT GUILTY.

By his first issue, Linden argues that this "allowed the jury to find that appellant engaged in the actions made the basis of the prosecution, and then convict him of the charged offense, without requiring the jury to find that the state had disproved self[-]defense beyond a reasonable doubt."   The Texas Court of Criminal Appeals has held that "the failure to apply the law of self-defense to the facts of the case and to

6

instruct the jury to acquit if they held a reasonable doubt on self-defense was error." *Barrera v. State*, 982 S.W.2d 415, 415 (Tex. Crim. App. 1998). Here, the jury charge did not apply the self-defense law to the facts adduced at the trial, and therefore, we conclude that the jury charge contained error. *See id*; *see also* TEX. PENAL CODE ANN. § 2.03(d) (West 2003) ("If the issue of the existence of a defense is submitted to the jury, the court shall charge that a reasonable doubt on the issue requires that the defendant be acquitted.").

However, because Linden did not object to the error, he must demonstrate egregious harm. *See Almanza*, 686 S.W.2d at 171; *Barrera*, 982 S.W.2d at 417. Under nearly identical facts, we have previously held that the failure to include self-defense in the application paragraph did not cause egregious harm where the appellant relied on self-defense as a defensive theory at trial, it was urged in closing arguments, and a separate instruction on self-defense was given that gave the jury instructions on how to properly apply the defense. *Barrera v. State*, 10 S.W.3d 743, 745 (Tex. App.—Corpus Christi 2000, no pet.). Just as in that case, a separate instruction was given in this case, and in closing argument, Linden's counsel not only argued at length that the jury should find Linden not guilty based on the self-defense instruction, but he actually re-read nearly the entire instruction to the jury. Linden's counsel concluded, "[w]e have the right under our law and under this law to defend ourselves. . . . [Linden] didn't have a retreat. He reacted. He reacted in self-defense." Just as we concluded in *Barrera*, "[t]here is nothing in the record indicating the jury was misinformed or uninformed on the law of self-defense." *Id*. Considering the jury was given a general instruction on the law of self-defense—and

7

specifically told that it should find Linden not guilty if it believed or had a reasonable doubt as to whether or not he acted in self-defense—and considering that Linden's counsel discussed self-defense in his argument before the jury, we conclude the trial court's error in the jury charge did not cause egregious harm to Linden. *See id.*; *see also Ngo*, 175 S.W.3d at 743–44. Accordingly, we overrule Linden's first issue.

### 3. Culpable Mental State

By his second issue, Linden contends that the trial court erred by giving improper definitions for "intentionally" and "knowingly" in the jury charge as they pertain to the offense for which he was indicted. Specifically, Linden contends that the definitions in the jury charge included language that would allow him to be convicted because he intentionally or knowingly *engaged in the conduct* that caused Peter Tran's death, rather than the fact that he intentionally or knowingly *caused* Peter Tran's death. This distinction is described in terms of "result of conduct" offenses and "nature of conduct" offenses. We agree that the court committed error in defining these terms.

Murder is a result of conduct offense, meaning that the applicable mental state is only that related to the result of the conduct—i.e., intentionally killing—not the conduct that ultimately causes the result—i.e., intentionally firing the gun. *See Cook v. State*, 884 S.W.2d 485, 490 (Tex. Crim. App. 1994). It is error to include the definition relevant to a nature of conduct offense in a jury charge when the appropriate definition would only include language pertaining to the result of conduct. *See Schroeder v. State*, 123 S.W.3d 398, 400 (Tex. Crim. App. 2003). Here, the trial court clearly erred by giving over-inclusive definitions for "intentionally" and "knowingly" in the jury charge. *See id.*

However, here again, Linden must demonstrate egregious harm because he

8

failed to object to the jury charge. *See Almanza*, 686 S.W.2d at 171. In analogous situations, both the First and Fifth District Courts of Appeals have addressed this issue as it pertained to aggravated assault cases—also a result of conduct offense. *Green v. State*, 891 S.W.2d 289, 293 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd); *Sneed v. State*, 803 S.W.2d 833, 834–35 (Tex. App.—Dallas 1991, pet. ref'd). Each court concluded that the definitions were erroneous, but because the factors outlined by the Texas Court of Criminal Appeals in *Bailey* were unique to each case, the courts differed on whether there was egregious harm that prevented the respective defendants from receiving a fair trial. *Green*, 891 S.W.2d at 295; *Sneed*, 803 S.W.2d at 836–37; *see Bailey v. State*, 867 S.W.2d 42, 43 (Tex. Crim. App. 1993) (noting that the court must consider the following factors: the charge in its entirety, the state of the evidence, the argument of counsel, and any other relevant information in the record in order to determine if egregious harm existed). In determining if egregious harm existed in this case, we look to these same factors. *See Bailey*, 867 S.W.2d at 43.

First, the charge itself mitigated any possible harm to the defendant by giving the proper definition of intentionally and knowingly in the application paragraph. In the portion of the charge where the jury is actually called upon to make a determination, the charge allows the jury to find Linden guilty only if he "intentionally or knowingly caused the death of Peter Tran" and makes no mention of conduct whatsoever. *See id.* Second, as we noted in Part A, *supra*, the evidence in this case was clearly sufficient to find that Linden intended the result of his conduct. *See id.* Third, neither party mentioned the erroneous instruction in argument to the jury nor argued that the jury should find Linden guilty based solely on his conduct; and moreover, although Linden

9

admitted to the shooting, he made no argument that he did not intend to kill Peter, only that he acted in self-defense (in fact, he continuously argued that deadly force was justified). *See id.* And fourth, Linden points to no specific evidence in the record that would tend to make this error egregious. *See id.* Therefore, after considering the *Bailey* factors, we conclude that the trial court's error was not so egregious that Linden was denied a fair trial. *See id.*; *Green*, 891 S.W.2d at 295 (concluding that overwhelming evidence and defense counsel's arguments to the jury in closing argument were sufficient to render erroneous definitions of "intentionally" and "knowingly" not egregiously harmful). Linden's second issue is overruled.

## III. CONCLUSION

Having overruled all of Linden's issues on appeal, we affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Publish.
TEX. R. APP. P.47.2(b).

Delivered and filed the
7th day of July, 2011.