

# NUMBER 13-12-00634-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LARRY HYSAW,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

### On appeal from the 28th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Perkes and Longoria**
**Memorandum Opinion by Justice Perkes**

Appellant Larry Hysaw appeals his conviction for two counts of sexual assault, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.011(a)(1) (West, Westlaw through 2013 3d C.S.). Appellant pleaded not guilty to both counts of sexual assault, but the trial judge found him guilty for both counts and assessed punishment for each count at ten years' confinement in the Texas Department of Criminal Justice, Institutional

Division. The sentences are to run concurrently. By one issue, appellant challenges the sufficiency of the evidence. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A.R. testified that appellant, her son-in-law, sexually assaulted her on two separate occasions. According to A.R., the first sexual assault occurred when appellant, who had been living with A.R. despite her repeated requests that he leave, forcibly carried her to her bedroom, pinned her to the bed, pulled down her pants, and penetrated her sexual organs with his penis. A.R. testified that she did not consent and pleaded for him to stop. She did not know whether appellant ejaculated. A.R. stated that after the sexual assault, appellant collected A.R.'s home and cellular telephones and slept on the couch, but when he left, she called the police and reported the sexual assault.

A.R. went to a hospital and received a SANE (Sexual Assault Nurse Exam) test. Appellant was at A.R.'s house when she returned. She testified that he again approached her, forcibly carried her to her bedroom, pinned her down against the bed, pulled her pants down, "fondled" her under the shirt, and penetrated her sexual organs with his penis against her will. She did not know if appellant ejaculated. After the sexual assault, appellant again grabbed A.R.'s phones, but this time he left the house with them. A.R. went to her neighbors' house and told them that her son-in-law had sexually assaulted her. A.R. contacted the police. Officer Theresa Lucich of the Corpus Christi Police Department responded. Elizabeth Williams, the SANE nurse who examined A.R. in both instances, testified that she did not see any bruises or injuries, but noted that trauma only appears in approximately 20% of adult patients.

2

## II. SUFFICIENCY OF THE EVIDENCE

Appellant argues the evidence was legally insufficient.[1]  Specifically, appellant contends A.R.'s testimony was not credible, and appellant contends A.R. fabricated the sexual assault allegations because she wanted him out of her home.

### A.    Standard of Review

"The standard for determining whether the evidence is legally sufficient to support a conviction is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original); *Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.).  The fact-finder is the exclusive judge of credibility of the witnesses and of the weight to be given to their testimony.   *Brooks*, 323 S.W.3d at 899; *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008); *Linden v. State*, 347 S.W.3d 819, 821 (Tex. App.—Corpus Christi 2011, pet. ref'd).   Reconciliation of evidentiary conflicts is within the fact-finder's exclusive province.   *Wyatt v.* State, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000).   We resolve any inconsistencies in the testimony in favor of the verdict.   *Brooks*, 323 S.W.3d at 922.

---

[1] Appellant cites *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006), for the standard of review.   *Watson* was based on the factual sufficieny standard articulated in *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).   In 2010, the Texas Court of Criminal Appeals overturned *Watson* and held that the legal sufficiency standard stated in *Jackson v. Virginia*, 443 U.S. 307 (1979), is the only standard a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt.   *See Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010) (plurality op.).   We will accordingly treat appellant's issue as a legal-sufficiency challenge.

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Cada v. State*, 334 S.W.3d 766, 773 (Tex. Crim. App. 2011) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.*

## B. Applicable Law

A person is guilty of sexual assault if he knowingly or intentionally caused the penetration of another's sexual organs by any means, without consent. TEX. PENAL CODE ANN. § 22.011(a)(1)(A) (West, Westlaw through 2013 3d C.S.). A person acts "intentionally" with respect to the result of his conduct when it is his conscious objective or desire to cause the result. *Id.* § 6.03(b) (West, Westlaw through 2013 3d C.S.). A sexual assault is "without consent" if, among other things, "the actor compels the other person to submit or participate by the use of physical force or violence" or if "the other person has not consented and the actor knows the other person is unconscious or physically unable to resist." *Id.* § 22.011(b)(1), (b)(3).

A conviction for sexual assault is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within one year after the date on which the offense is alleged to have occurred. TEX. CODE CRIM. PROC. ANN. art. 38.07 (West, Westlaw through 2013 3d C.S.); *Phillips v. State*, 362 S.W.3d 606, 611 (Tex. Crim. App. 2011).

4

The law does not require that a sexual assault victim's testimony be corroborated by medical or physical evidence. *Gonzalez Soto v. State*, 267 S.W.3d 327, 332 (Tex. App.—Corpus Christi 2008, no pet.).

## III. DISCUSSION

A.R.'s testified that appellant twice penetrated her sexual organs forcibly and against her will. Although appellant contends no evidence corroborated A.R.'s testimony, A.R.'s testimony alone was sufficient to convict appellant. *See Phillips*, 362 S.W.3d at 611 (holding that sexual assault conviction can be supported solely by the uncorroborated testimony of the victim); *Gonzales Soto*, 267 S.W.3d at 332 (explaining that sexual assault conviction can be supported solely by the uncorroborated testimony of the victim). Appellant nevertheless contends that A.R.'s testimony is highly suspect due to her desire to have him out of her home. He also notes that A.R. testified that appellant bruised her arm in the assault but that Williams, the nurse who examined A.R., testified that she did not perceive any trauma or bruising. In addition, appellant makes much of Officer Lucich's testimony that she believed A.R. was mentally ill.

To the extent appellant's argument focuses on the credibility of A.R.'s testimony and the consistency of the evidence, we defer to the trial court as the sole judge of A.R.'s credibility. *See Brooks*, 323 S.W.3d at 899; *Lancon*, 253 S.W.3d at 707; *Linden*, 347 S.W.3d at 821. Reconciliation of conflicts in the evidence exclusively belongs to the trial court. *See Wyatt*, 23 S.W.3d at 30. The trial court was free to believe A.R.'s testimony and disbelieve the alleged ulterior motive argued by appellant at trial. Likewise, the fact-finder was free to credit or discredit the testimony given by Officer Lucich as to A.R.'s

mental status, especially considering that another officer with more training and experience in psychiatric assessment testified that he did not think A.R. was mentally ill.

Viewing the evidence in the light most favorable to the judgment, we conclude that a rational trier of fact could have found the essential elements of both counts of sexual assaults beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Johnson*, 364 S.W.3d at 293—94. We overrule appellant's sole issue on appeal.

## IV. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of July, 2014.