

# NUMBER 13-12-00709-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**JAMES LOVEN BROWN,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

## On appeal from the 156th District Court of Live Oak County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Perkes and Longoria**
**Memorandum Opinion by Justice Perkes**

Appellant James Loven Brown appeals his conviction for possession of a controlled substance (methamphetamine between one and four grams), a third-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102, 481.115(c) (West, Westlaw through 2013 3d C.S.); TEX. PENAL CODE ANN. § 12.34 (West, Westlaw through 2013 3d C.S.). Appellant pleaded not guilty. The jury found him guilty and assessed punishment

at four years' confinement in the Texas Department of Criminal Justice, Institutional Division. By one issue, appellant challenges the sufficiency of the evidence. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Officer Samantha Bacon of the George West Police Department testified that she pulled appellant over during a traffic stop for failure to signal a turn. Leeann Cuevas was sitting in the passenger seat. Officer Bacon noted that appellant appeared to be nervous, had glossy eyes, and the vein in his neck was "pulsating." Appellant consented to a pat down and to a search of his vehicle. Officer Amber Ramirez, of the George West Police Department, arrived on the scene and assisted the search.

Officer Ramirez testified that she found an envelope between the center console and the passenger side seat. The envelope contained a vehicle registration, four baggies of methamphetamine, a napkin with "residue", and a glass pipe containing "residue". [1] A two and one-half inch straw with white "residue" in it was located underneath Cuevas's jacket on the passenger seat. In addition, a second glass pipe was discovered in a paper sack underneath the back seat on the driver's side. When Officer Bacon advised appellant of his rights, appellant asked what would happen if he "took the wrap for this."

Officers Bacon and Ramirez seized appellant's and Cuevas's phones as evidence. Appellant consented to a search of his cell phone. A search warrant was obtained for Cuevas's phone.[2] Text messages from appellant's phone revealed that, just prior to

---

[1] The vehicle was registered to James Brown, appellant's father.
[2] Officer Bacon identified twelve separate drug-related text messages on Cuevas's phone that occurred on the day before and during the arrest, indicating that she had spent her time buying drugs and delivering them to people during that period of time.

2

being stopped appellant and Cuevas were on their way to purchase "1 G" from a person identified by Officer Bacon as Lenny Lopez.[3]   Further investigation of the text messages revealed that appellant attempted to purchase narcotics from Cuevas the previous day, that appellant had Cuevas's pipe, and that Cuevas had appellant's scale.[4]

## II.     SUFFICIENCY OF THE EVIDENCE

Appellant argues the evidence is legally insufficient to support his conviction. Specifically, appellant contends the evidence is legally insufficient to show that he "intentionally or knowingly possess[ed] a controlled substance . . . ."   We disagree.

### A.     Standard of Review

"The standard for determining whether the evidence is sufficient to support a conviction is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original); *Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.).   The fact-finder is the exclusive judge of credibility of the witnesses and of the weight to be given to their testimony.   *Brooks*, 323 S.W.3d at 899; *Lancon v. State*, 253 S.W.3d 699,

---

[3] Lopez texted appellant to let him know when he was coming.   Approximately four minutes before being stopped by the police, appellant texted Lopez:   "Heading that way."   Officer Bacon identified "1 G" to mean one gram of narcotics.

[4] In a separate proceeding, Leeanne Cuevas signed a "Stipulation of Evidence" in which she admitted that she "did then and there intentionally or knowingly possess a controlled substance, namely, methamphetamine, in an amount of one gram or more but less than four grams."   In addition, she signed a "Plea Agreement" in which she stipulated to the facts of the offense in the indictment in exchange for the State's recommendation of the following:   "OFFENSE:  Poss. Cont. Subst. PG 1.""   Both exhibits were admitted into evidence, without objection.

707 (Tex. Crim. App. 2008); *Linden v. State*, 347 S.W.3d 819, 821 (Tex. App.—Corpus Christi 2011, pet. ref'd). Reconciliation of conflicts in the evidence is within the fact-finder's exclusive province. *Trevino v. State*, 228 S.W.3d 729, 760 (Tex. App.—Corpus Christi 2006, pet. ref'd). We resolve any inconsistencies in the testimony in favor of the verdict. *Brooks*, 323 S.W.3d at 922.

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Cada v. State*, 334 S.W.3d 766, 773 (Tex. Crim. App. 2011) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.*

## B.    Applicable Law

In order to be found guilty of possession of a controlled substance, the State bears the burden of proving that: (1) the accused exercised care, control, or management over the substance and that (2) the accused knew that the substance was contraband. TEX. HEALTH & SAFETY CODE ANN. §§ 481.102, 481.115(c); *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). "Whether the evidence is direct or circumstantial, 'it must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous.'" *Poindexter*, 153 S.W.3d at 405–06 (quoting *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995)). This is the so-called "affirmative links" rule. *Poindexter*, 153 S.W.3d at 405–06. For the evidence to be sufficient, the

4

State does not need to disprove all reasonable alternative hypotheses that are inconsistent with guilt; rather, this Court considers only whether the inferences necessary to establish guilt are reasonable based on the cumulative force of all the evidence when considered in the light most favorable to the verdict. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).

The factors by which an accused may, under unique circumstances of each case, be sufficiently "linked" to the contraband include: (1) the defendant's presence when a search is conducted; (2) whether the contraband is in plain view; (3) the defendant's proximity to and accessibility to the contraband; (4) whether the defendant exhibited signs of being under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Evans v.* State, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006); *Lopez v. State*, 267 S.W.3d 85, 92 (Tex. App.—Corpus Christi 2008, no pet.). It is not the number of links that is dispositive, but rather the logical force of all the evidence, direct and circumstantial. *Evans*, 202 S.W.3d at 161. It is not necessary that every fact directly and independently point to the defendant's guilt, but it

5

is enough if the conclusion is warranted by the combined and cumulative force of all incriminating circumstances. *Lopez*, 267 S.W.3d at 95. Although parties may disagree about the logical inferences that flow from undisputed facts, "[w]here there are two permissible views of the evidence, the fact-finder's choice between them cannot be clearly erroneous." *Evans*, 202 S.W.3d at 163 (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985)).

Appellant was also charged under the law of parties, which makes a person criminally responsible for an offense committed by the conduct of another if he acts with intent to promote or assist the commission of the offense. Tex. Penal Code Ann. § 7.02 (a)(2) (West, Westlaw through 2013 3d C.S.); *Casanova v. State*, 383 S.W.3d 530, 534–35 (Tex. Crim. App. 2012). While mere presence at the scene, or even flight, is not enough to sustain a conviction, it is a circumstance tending to prove guilt which, with other facts, may be sufficient to show that the accused was a participant. *McAfee v. State*, 204 S.W.3d 868, 879 (Tex. App.—Corpus Christi 2006, pet. ref'd); *Vargas v. State*, 883 S.W.2d 256, 263 (Tex. App.—Corpus Christi 1994, pet. ref'd).

### III. DISCUSSION

Viewing all evidence in the light most favorable to the verdict, we hold that there is sufficient evidence from which a rational trier of fact could find beyond a reasonable doubt that appellant was sufficiently "linked" to the contraband, and that appellant was guilty of the offense of possession of methamphetamine. *See Casanova*, 383 S.W.3d at 534–35; *Poindexter*, 153 S.W.3d at 405–06. Several of the above listed factors were present during the search and arrest. *See Evans*, 202 S.W.3d at 162; *Lopez*, 267 S.W.3d at 92.

6

Appellant's physical appearance at the time he was stopped showed that he had glossy eyes, that a vein in his neck was "pulsating," and that he appeared nervous. The narcotics, a napkin and pipe with "residue", and the auto registration were all in an envelope in the car he was driving; appellant was within a close proximity of the envelope; another pipe and a straw with "residue" were located inside appellant's car; text messages taken from appellant's and Cuevas's phones indicated that appellant tried to acquire narcotics from Cuevas on the day before the stop and that they shared drug paraphernalia; and appellant made an incriminating statement at the time of his arrest. From this evidence, a rational trier of fact could find beyond a reasonable doubt that appellant exercised care, control, and management over the methamphetamine. *See Poindexter*, 153 S.W.3d at 409–12 (finding defendant owned premises, based on a utility bill, where narcotics were found, that narcotics were easily accessible to defendant, and that contraband could only be recovered by occupant of premises were relevant in finding defendant possessed narcotics); *Lopez*, 267 S.W.3d at 96–97 (considering relevant that appellant owned the vehicle where narcotics were found, made incriminating statements at arrest, and was at the scene during the search).

In addition, we hold the evidence is sufficient to establish that appellant is also guilty under the law or parties. *See Casanova*, 383 S.W.3d at 534–35. Specifically, the evidence shows that Cuevas intentionally or knowingly possessed methamphetamine and that appellant, acting with intent to promote or assist the commission of the offense, solicited, encouraged, directed, aided, or attempted to aid Cuevas to commit the offense. *See Vargas*, 883 S.W.2d at 263 (holding that facts showing defendant helped conceal

7

narcotics and was cooperative with primary actors were relevant in finding defendant to be a party of the possession of narcotics); *see also Stroman v. State*, 69 S.W.3d 325, 330–31 (Tex. App.—Texarkana 2002, pet. ref'd) (determining that facts showing the defendant was within close proximity to narcotics, narcotics were hidden among his things, and that he was aware of primary actor's occupation as a narcotics dealer were relevant in finding defendant guilty as a party to possession). Most notably, numerous texts messages from appellant's and Cuevas's phones further showed knowledge of the drug-related activities on the day before and up to the time of arrest. The evidence was therefore legally sufficient to establish that appellant was not an unknowing participant to the happenings of the day.

We overrule appellant's sole issue on appeal.

## IV.  CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of July, 2014.